Nos. 43,822 and 43,860

THOMPSON TRANSPORT COMPANY, INC., a Kansas Corporation, *Appellant*, v. MIDDLESTATES CONSTRUCTION COMPANY, a Nebraska Corporation (*Defendant*), and TRINITY UNIVERSAL INSURANCE Co., a Texas Corporation, *Appellee*.

(403 P. 2d 999)

Opinion adhering to former decision filed July 10, 1965. see 194 Kan. 52, 397 P. 2d 368.)

Patrick L. Connolly and *Milford M. Magee*, both of Topeka, for the appellant.

*Robert T. Cornwell, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Willard B. Thompson* and *David W. Buxton*, all of Wichita, for the appellee. *Hugo T. Wedell* and *Homer V. Gooing*, both of Wichita, of counsel.

The opinion of the court was delivered by

SCHROEDER, J.: The appellee in this action filed a motion for rehearing, limited to the allowance of attorneys' fees. We granted a rehearing and after hearing oral argument and considering the briefs filed by counsel for the respective parties, we find nothing which warrants a reconsideration of the case and adhere to the former decision and opinion.

The appellee contends "There Is No Evidence to Support This Court's Finding That Appellant Proved by a Preponderance of the Evidence That Appellee Refused to Pay Without Just Cause or Excuse" as required by the provisions of G. S. 1961 Supp., 40-256 (now K. S. A. 40-256).

The summary disposition of this point in the original opinion was supported by the citation of *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 366 P. 2d 219, where the law on the subject has been fully stated.

The provisions of 40-256, *supra*, authorize attorneys' fees only if "it appear from the evidence that such company . . . has refused without just cause or excuse to pay." This statute requires the insured to prove by a preponderance of the evidence that the insurer refused to pay "without just cause or excuse."

The evidence required under the statute was discussed in *Wolf* in the following language:

"Contrary to the appellants' contention, the statute (40-256, *supra*) *does not*

*say* the judgment rendered against the insurance company must be *after a trial on the merits.* Nor does it seem to us the legislature intended by the expression 'if it appear from the evidence,' that a judgment against an insurance company on a policy of insurance be after a trial on the merits. Whether an insurance company has refused without just cause or excuse to pay in accordance with the terms of a policy is an *independent* issue, and evidence produced to determine this issue need not be at a hearing on the merits of the controversy or coincide with evidence produced at such hearing." (p. 704.)

Inferentially, the foregoing statement recognizes that the evidence, to determine whether an insurance company has refused without just cause or excuse to pay in accordance with its obligation, may be produced at the hearing on the merits and coincide with the evidence produced at such hearing.

In the instant case the facts upon which the merits of the controversy were determined in the trial court were stipulated by the parties. An analogous situation was presented in *Wolf* where this court said:

". . . Here the facts are stipulated and are not in dispute. In this situation the Supreme Court has as good an opportunity to examine and consider the evidence as the trial court to determine whether or not the appellants had just cause to cease making payments. (*Keeler Co. v. Atchison, T. & S. F. Rly. Co.,* 187 Kan. 125, 354 P. 2d 368.)" (p. 706.)

The mere fact that the trial court held in favor of the appellee is not controlling on appeal as to whether or not the surety has refused to pay in accordance with the terms of its bond without just cause or excuse.

On appeal this court held, in accordance with prior decisions, "that the obligations of those signing a statutory contract bond are fixed by the terms of the bond, and if the bond shows an intention to guarantee compliance with the terms of the contract pursuant to which the bond is given, the surety signing the bond becomes the surety for the full performance of all the terms of the contract." (*Thompson Transport Co. v. Middlestates Construction Co.,* 194 Kan. 52, 59, 397 P. 2d 368.)

The trial court, having been led astray by the appellee, failed to follow these prior decisions, and this court in considering the evidence presented, which consisted entirely of stipulations, found that the appellee refused to pay without just cause or excuse in accordance with the terms of its bond.

PARKER, C. J., PRICE and FONTRON, JJ., dissenting.