(602 P.2d 953)

No. 50,441

SALT CITY BUSINESS COLLEGE, INC., and RICHARD L. CONARD, *Appellants,* v. OHIO CASUALTY INSURANCE COMPANY and FEDERAL INSURANCE COMPANY, *Appellees.*

Opinion filed November 21, 1979.

*Michael R. O'Neal,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for appellants.

*Larry Withers,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellee Ohio Casualty Insurance Company.

*Richard A. Benjes,* of Martindell, Carey, Hunter & Dunn, of Hutchinson, and *Glenn McCann,* of Knipmeyer, McCann, Fish & Smith, of Kansas City, Missouri, for appellee Federal Insurance Company.

Before SWINEHART, P.J., ABBOTT and REES, JJ.

ABBOTT, J.: This is an appeal from the denial of a post-judgment motion for attorney fees pursuant to K.S.A. 40-256. The actual loss to plaintiffs has been paid as a result of the acceptance of defendants' joint offer to confess judgment. The facts are simple and are basically undisputed. The insureds discovered structural

damage to their building in January of 1975. They ultimately filed suit against three insurance carriers that had provided coverage during the 1971 to 1975 period, alleging the damage had occurred in either 1971 or 1975. Ohio Casualty Insurance Company provided coverage from September 1, 1973, through 1975. Federal Insurance Company provided coverage during 1971. The third carrier, which the insureds subsequently dismissed from the suit, provided insurance between the periods covered by Ohio Casualty and Federal. Other facts will be supplied throughout the opinion as they become necessary.

The district court based its decision on its review of the entire record, which included pleadings, depositions and exhibits. No testimony was presented to the trial court; thus, this Court is afforded the same opportunity as the trial court to consider the evidence and determine de novo what the facts establish. *United States Fidelity & Guaranty Co. v. Continental Ins. Co.,* 1 Kan. App. 2d 722, 723, 573 P.2d 1106 (1977). We arrive at the same conclusion as did the trial court.

## I. OHIO CASUALTY INSURANCE COMPANY

A bona fide factual dispute existed as to whether the loss occurred during the period Ohio Casualty's policy was in effect. We cannot say that Ohio Casualty's denial of the insureds' claim was frivolous or unfounded. The record shows that Ohio Casualty promptly and independently investigated the claim after it received notice of the loss. It relied on Max Coleman, a qualified expert, who advised that the loss occurred in 1971 prior to Ohio Casualty's coverage becoming effective on September 1, 1973.

In plaintiffs' answers to interrogatories propounded by Ohio Casualty, plaintiffs listed Max Coleman, the same expert that Ohio Casualty named, as the expert they would rely on to prove the damage occurred in January of 1975. This was probably because Mr. Coleman first checked the building at the request of Ewing Construction Company, which was the company employed by plaintiffs to correct the damage after it was discovered. Plaintiffs' petition raises a substantial question of whether the loss occurred during the policy period, for it alleges the loss occurred "either in January of 1975 or February of 1971."

Coleman was of the opinion that the roof failure occurred as a result of an overload of snow that accumulated during a storm in February of 1971. He testified three other buildings with similar

roof structures failed during the February 1971 storm. Coleman's report was sufficient to create a valid question of fact as to whether the loss was within Ohio Casualty's policy period. An insurer is not required to pay a claim while a bona fide question of liability exists (*Lord v. State Automobile & Casualty Underwriters*, 208 Kan. 227, 491 P.2d 917 [1971]) if it has fulfilled its duty to make a good-faith investigation before final refusal. *Brown v. Continental Casualty Co.*, 209 Kan. 632, 489 P.2d 26 (1972).

Plaintiffs' argument that there was never a dispute regarding coverage is without merit. It is the *type* of loss that was never questioned as being within the policy coverage of both Ohio Casualty and Federal. The *time* of loss, which is the factor in dispute concerning coverage, was clearly disputed by both Ohio Casualty and Federal. It is the insured's burden to prove that the loss fell within the coverage of the contract of insurance. *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 522 P.2d 401 (1974).

The fact that Ohio did not inspect the building prior to issuing its policy, as plaintiffs argue is required by K.S.A. 40-906, is immaterial under the facts of this case. The truss failure was concealed by ceiling tile below and layers of roofing above and, until the ceiling dropped in January of 1975, would not have been detectable without removing ceiling tile. We are satisfied it was not the legislative intent in adopting K.S.A. 40-906 to require an insurance carrier to check for structural damage. The statute deals only with the duty of an insurance company to properly and fully describe the property or premises insured. No one here disputes that the building as described was insured or that the particular type of loss involved was not covered by the policies. The sole question is when did the loss occur.

When the general rules governing allowance of attorney fees under K.S.A. 40-256, as set forth in the cases cited herein and in *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, 597 P.2d 1080 (1979), are applied to the facts in this case, we are satisfied that the trial judge did not err in refusing to award attorney fees against Ohio Casualty.

Before turning to Federal Insurance Company, we consider one argument by plaintiffs that applies to both insurance carriers. Plaintiffs argue that even had the damage occurred in 1971 it was a continuing damage as the roof did not sag until 1975. The trial

court record reflects plaintiffs' position was that the damage occurred either in 1971 or 1975. Illustrative of their position is the fact that plaintiffs amended their petition and dismissed their lawsuit against the insurance carrier that provided coverage between that provided by Ohio Casualty and by Federal. The continuous damage position was not raised at the trial court level and we will not consider it for the first time on appeal. *Landrum v. Taylor,* 217 Kan. 113, 535 P.2d 406 (1975).

## II. FEDERAL INSURANCE COMPANY

It is the burden of the insured to prove by a preponderance of the evidence that the insurance company refused to pay "without just cause or excuse." *Thompson Transport Co. v. Middlestates Construction Co.,* 195 Kan. 172, 403 P.2d 999 (1965). We are in complete agreement with the memorandum opinion of the Honorable Porter K. Brown, trial judge, who stated in pertinent part:

"In its answer of December 15, 1975, Federal admits that it received notice of the loss on March 14, 1975, and that it refused to pay plaintiffs' claim. No other information is available with regard to any investigation conducted by Federal. As the burden of proof is upon the plaintiff to prove that Federal refused to pay without just cause or excuse and there is no evidence on the question, I am compelled to find that the plaintiff has failed to sustain this burden and attorney fees against both defendants are denied."

Counsel for plaintiffs have included material and facts in their brief that were not offered into evidence in the district court; therefore, those are not properly a part of the record. We do not consider evidence that was not submitted to the trial court. *Medill v. McIntire,* 136 Kan. 594, 16 P.2d 952 (1932).

Affirmed.