6 Kan. App. 2d 124 (1981)
626 P.2d 1229
ST. FRANCIS HOSPITAL & MEDICAL CENTER, INC., Plaintiff-Appellee,
v.
PATRICIA K. BALDWIN, Defendant-Appellee,
v.
AMERICAN STATES INSURANCE Co., Third Party Defendant-Appellant.
No. 52,134
Court of Appeals of Kansas.
Opinion filed April 24, 1981.
John A. Bausch, of Ascough, Bausch, Eschmann, of Topeka, for the appellant.
Frederick J. Patton, II, of Jones, Schroer, Rice, Bryan & Lykins, Chartered, of Topeka, for the appellee.
Before JUSTICE HERD, presiding, SWINEHART, J., and WILLIAM M. COOK, District Judge, assigned.
HERD, J.:
This is an appeal by American States Insurance Company from the judgment of a trial court awarding health insurance coverage and attorney fees to Patricia Baldwin.
On March 1, 1977, Patricia Baldwin purchased a health insurance policy from American States covering her medical expenses. The policy provided:
"(American States) DOES HEREBY INSURE the person named as the Insured in the Policy Schedule, subject to the provisions, exceptions and limitations contained herein, and subject to the exception regarding loss covered by Workmen's Compensation and respecting services provided by the Veteran's Administration or any Government plan, against loss to any Covered Person commencing while this policy is in force and resulting from:
"... (2) sickness first manifesting itself after the effective date of this policy and while this policy is in force (herein called such sickness)."
On October 28, 1977, Baldwin was admitted to St. Francis Hospital for the removal of a tumor on her left forearm. She incurred medical expenses in the amount of $527.18 from St. Francis and a surgical bill of $135 from Dr. Payne. Baldwin made a claim to American States under her policy for her medical expenses. American States denied the claim on the theory the tumor pre-existed the issuance of the insurance policy. St. Francis sued Baldwin for the unpaid balance of her hospital bill and Baldwin filed a third-party petition against American States to recover her medical bills in the amount of $662.18 and for *125 attorney fees pursuant to K.S.A. 40-256. American States denied the claim alleging the tumor was diagnosed in 1962 and was therefore excluded under the policy. The trial court found Baldwin's sickness manifested itself after the policy was issued and that American States's failure to pay the claim was without just cause and awarded $1,225 attorney fees and her medical expenses to Baldwin. This appeal followed. We affirm the award of medical expenses and reverse the award of attorney fees.
Patricia Baldwin testified she first noticed a lump on her arm in 1962. It was small and painless and her doctor diagnosed it as a fatty mass and advised her to leave it alone if it caused no discomfort. The lump was about the size of a pea when first discovered. Its size did not change until after March 1, 1977. Baldwin called the tumor to the attention of Dr. Bowen, who examined her for American States prior to March 1, 1977. Dr. Bowen gave her the same advice her own doctor had  to leave the tumor alone if she suffered no discomfort. A few months later appellee noticed the lump was increasing in size to about three times its original size and it started giving her pain in the upper arm. She went to Dr. Payne who recommended surgical removal, which was accomplished on October 28, 1977.
Appellant first argues the insured's sickness first manifested itself prior to the effective date of the policy and is therefore not covered. This issue has been before the Supreme Court on numerous occasions. In Southards v. Central Plains Ins. Co., 201 Kan. 499, Syl. ¶ 3, 441 P.2d 808 (1968), the court set out the following general rule for determining when a disease or sickness is pre-existing:
"It is the general rule that the origin or inception of a sickness or disease, within the meaning of a health and accident policy requiring that sickness and disease be contracted after the effective date of the policy, is that point in time when the disease becomes manifest or active or when there is a distinct symptom or condition from which one learned in medicine can diagnose the disease."
The court again applied the rule announced in Southards in Bishop v. Capitol Life Ins. Co., 218 Kan. 590, Syl. ¶ 1, 545 P.2d 1125 (1976). In Bishop the insured claimed disability benefits allegedly due him under a health and accident policy issued by the insurer. The insurer denied coverage on the ground that the disease was in existence prior to the effective date of the policy. It had been the testimony of the insured's doctor that he was *126 suffering the effects of "an old heart attack." In finding that the disease which resulted in the disability existed prior to the issuance date of the policy, and was thus excluded from policy coverage, the court stated:
"[T]he test of the origin or inception of a sickness or disease, within the meaning of a health and accident policy requiring that sickness and disease be contracted after the effective date of the policy, to be that point in time when the disease becomes manifest or active or when there is a distinct symptom or condition from which one learned in medicine can diagnose the disease. This is the rule followed by the majority of courts which have considered the question and it is controlling in the instant case." 218 Kan. at 592. (Emphasis added.)
See also McDaniel v. State Farm Mut. Ins. Co., 3 Kan. App.2d 174, 591 P.2d 1094 (1979).
Applying the test enunciated above to the facts of this case, we find the evidence shows Baldwin had a small, pea-sized tumor on her left arm, which was first detected in 1962. Both Baldwin's doctor and the insurance company's doctor examined it and diagnosed it as a benign, fatty tumor which required no treatment unless it changed in size and caused her discomfort. In the fall of 1977, the tumor began to grow and cause pain in Patricia Baldwin's upper left arm. She was examined by Dr. Payne, who recommended surgery.
The tumor had remained inactive and dormant with no apparent change in size until sometime after March 1, 1977, the effective date of the policy. After that date, the tumor became active, started to grow and caused Baldwin pain and discomfort. Although the tumor had not become malignant, we find it became active and a sickness after the date of the policy.
The remaining issue pertains to the awarding of attorney fees under K.S.A. 40-256, which provides in pertinent part:
"That in all actions hereafter commenced, in which judgment is rendered against any insurance company .. . if it appear[s] from the evidence that such company, society or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action...."
In Brown v. Combined Ins. Co. of America, 226 Kan. 223, 226-227, 597 P.2d 1080 (1979), we set forth the general rules for allowance of attorney fees under K.S.A. 40-256. See also Clark Equip. Co. v. Hartford Accident & Indemnity Co., 227 Kan. 489, 493, 608 P.2d 903 (1980); Salt City Business College, Inc. v. Ohio *127 Cas. Ins. Co., 4 Kan. App.2d 77, 602 P.2d 953 (1979). Those lengthy rules will not be restated herein, with the exception of the following from Koch, Administratrix v. Prudential Ins. Co., 205 Kan. 561, 564-565, 470 P.2d 756 (1970), where we stated:
"Where the only issue between the parties is a factual dispute with respect to coverage under an insurance policy, and the insurer has refused to pay the full amount of the insured's loss for such reason, we are of the opinion the phrase `without just cause or excuse' as used in K.S.A. 1968 Supp. 40-256, means a frivolous and unfounded denial of liability. However, if there is a bona fide and reasonable factual ground for contesting the insured's claim, there is no failure to pay `without just cause or excuse.' And whether there was any reasonable ground for contesting the claim depends upon circumstances existing when payment is withheld or liability is declined. It is not necessarily determined by the outcome of the ensuing litigation."
The evidence in this case shows the insurer did not frivolously deny coverage under the policy. There was a reasonable factual ground for contesting the claim. We hold American States did not act without just cause or excuse in refusing to pay the loss. The company is, therefore, not obligated to pay the insured's attorney fees.
The judgment of the trial court is affirmed as to appellee's claim for medical expenses and reversed on the issue of attorney fees.