**ALL NATION INSURANCE COMPANY,**
Plaintiff and Appellant,

v.

**Jeffrey W. BROWN, Earl R. Brown &
Elaine Brown, Defendants and Third
Party Plaintiffs and Appellees,**

and

**Ronald D. LANGDON, Defendant**

v.

**George E. VANDERLOO, Third
Party Defendant.**

No. 14634.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1984.

Decided Feb. 20, 1985.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for plaintiff and appellant.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for defendants and third party plaintiffs and appellees.

WUEST, Acting Justice.

This is an appeal from an award of attorney fees, pursuant to SDCL 58–12–3. We reverse.

The case was before this court previously in *All Nation Ins. Co. v. Brown*, 344 N.W.2d 493 (S.D.1984). In that decision, we held that attorney fees may be recovered by the insured in a declaratory judgment proceeding brought by the insurer to determine coverage, providing the insurer's actions were "vexatious or without reasonable cause," as provided in SDCL 58–12–3, which states:

> In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to

be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company or exchange before the commencement of the action or proceeding in which judgment or an award is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company arising out of its refusal to pay such loss.

We directed the trial court to enter findings on the vexatiousness or unreasonableness of the company's refusal to pay and then apply SDCL 58–12–3 in accordance with our opinion. In compliance with our mandate, the trial court found:

(a) Plaintiff readily recognized that it got the premium check from the insured; (b) Plaintiff never sent out notices for nonpayment to the insured; (c) Plaintiff never sent out a notice of cancellation to the insured; (d) Plaintiff knew Mr. Vanderloo had the authority to bind the company in this case; (e) Insured was led to believe by Mr. Vanderloo that he had coverage, which representation would also bind the Plaintiff; (f) Insured called Mr. Vanderloo to make sure there was coverage on the vehicle in question and Mr. Vanderloo the agent for plaintiff, said it was covered; (g) Plaintiff, through its agent, Mr. Vanderloo took the application for the vehicle and took the premium for the vehicle; (h) Insured never had knowledge as to which cars were covered and which cars weren't covered; (i) Mr. Vanderloo, three weeks after the accident wrote to plaintiff asking plaintiff to cancel the coverage on the malibu, the vehicle in question, yet the plaintiff brings a suit to try to convince the court there never was coverage; (j) Mr. Vanderloo, agent for plaintiff, inspected the car, wrote down the serial number, and said he would put it on the policy; (k) That based upon these facts,

which plaintiff knew or should have known prior to bringing this action, plaintiff was unreasonable and vexatious in bringing this lawsuit.

From these findings, the trial court concluded that the declaratory judgment action brought by the insurer was an unreasonable and vexatious action and awarded attorney fees of $2,167.90 therein. " '[O]n appeal this court reviews the findings of fact under the "clearly erroneous" standard.' ... The conclusions of law are reviewed under the usual 'in error as a matter of law [standard].' " *Pope v. Brown,* 357 N.W.2d 510, 513 (S.D.1984); *see also Taylor Oil Co. v. Weisensee,* 334 N.W.2d 27 (S.D.1983).

■ There was evidence contrary to the findings of the court. Particularly, the testimony of Mr. Vanderloo, an agent of the company, contradicted the testimony of Mr. Brown, the insured, regarding coverage on the automobile in question after January 14, 1979. The collision upon which the appellant company denied coverage occurred on January 20, 1979. The court, however, chose to believe the testimony of the appellees, and resolved the findings in their favor. There is evidence to support the trial court's findings, and thus, we are bound to accept them inasmuch as they are not clearly erroneous.

We have said that "[t]he question of whether an insurer's refusal to pay is vexatious or without reasonable cause is necessarily one of fact[.]" *Tracy v. T & B Construction Co.,* 85 S.D. 337, 343, 182 N.W.2d 320, 323 (1970); *Wilson v. Allstate Insurance Co.,* 85 S.D. 553, 560, 186 N.W.2d 879, 883 (1971). On the other hand, whether or not the facts found can support a conclusion, that the insurer's refusal to pay is unreasonable and/or vexatious is a question of law. In this case, the insurer was confronted with a contradiction of fact between its insured and its agent. That is, whether Mr. Brown told the agent to put the automobile in question back on the policy as Brown testified, or not as

Vanderloo, the agent, testified.* Appellant sought to have the issue of coverage determined by a declarative judgment action. Because the trial court found for the insured does not automatically brand the insurer's actions unreasonable and vexatious.

We do not mean to imply in any way that an insurance company ipso facto subjects itself to liability for attorney's fees under SDCL 58–12–3 by reason of refusing to pay a claim by a policyholder, no matter how unfounded or unreasonable such claim may appear to be.

*Eldridge v. Northwest G.F. Mut. Ins. Co.,* 88 S.D. 426, 435, 221 N.W.2d 16, 22 (1974).

Construing a Missouri statute similar to SDCL 58–12–3, the Eighth Circuit Court of Appeals held:

"Where there [are] open question[s] of fact or law determinative of the insured's liability, the insurer, acting in good faith, may insist on judicial determination of such questions without subjecting itself to penalties for vexatious refusal to pay." *United States v. F.D. Rich Co.,* 439 F.2d 895, 905 (8th Cir.1971); *General American Life Ins. Co. v. Wiest,* 567 S.W.2d 341, 346 (Mo.App.1978).

*Taylor v. Commercial Union Ins. Co.,* 614 F.2d 160, 165 (8th Cir.1980).

Similarly, in *St. Francis Hospital v. Baldwin,* 6 Kan.App.2d 124, 626 P.2d 1229 (1981), an award of attorney fees at the trial court level was again reversed on appeal. The Court cited approvingly an earlier Kansas decision which stated:

"Where the only issue between the parties is a factual dispute with respect to coverage under an insurance policy, and the insurer has refused [coverage] ..., we are of the opinion the phrase 'without just cause or excuse' ... means a frivolous and unfounded denial of liability. However, if there is a bona fide and reasonable factual ground for contesting the insured's claim, there is no failure to pay 'without just cause or excuse.' And whether there was any reasonable ground for contesting the claim depends upon circumstances existing when pay-

ment is withheld or liability is declined. It is not necessarily determined by the outcome of the ensuing litigation."

626 P.2d at 1232.

■ In this case, there was credible evidence which contradicted most of the trial court's findings. We do not believe the record is sufficient to support the trial court's conclusion that the insurer's conduct was vexatious and/or unreasonable. Appellant tendered a defense to the insured and sought a declaratory judgment on conflicting stories. The premium check mentioned in the court's findings was for the period of January 1979 to July 1979. After July 1979 there was a lapse of the policy, although it was later reinstated on other vehicles. The question was whether or not it had been reinstated on the particular vehicle in dispute. According to the insured, it had been discontinued at his request because of an earlier collision, but he claimed to have instructed Agent Vanderloo to place it on the policy prior to the accident, which coverage was in dispute.

The appellees request attorney fees incurred on appeal. In our opinion, the request should be denied.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

I dissent. The logical and sound conclusion of law flowing from the strong findings of fact in favor of the insured, which the majority opinion deems is not clearly erroneous, is that the insurer's refusal to pay was unreasonable and/or vexatious. Insurer is trying to obscure its liability by hiding behind the skirts of its agent's testimony—which has been totally repudiated. Although the principle is set in the reverse order, the principle is still the same: "A well-established rule is that the findings of fact must support the conclusions of law." *Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292, 297 (S.D.1982). Here, the trial

---

* There was other evidence supporting both posi-    tions.

court entered the correct findings of fact and in this, I agree with the majority. I disagree with the majority, however, in its conclusion that the trial court entered improper conclusions of law from the solid findings of fact. The conclusions of law, drawn by the trial court, are not clearly erroneous for they are a natural extension of legal thought and continuity flowing from the findings of fact. The trial court made a proper diagnosis (findings of fact) and produced a proper prescription for the ills (conclusions of law). The law-finding supports the fact-finding and a citation to *Taylor* and *Pope* in the majority opinion does not vault the majority opinion's exercise of judicial function over the exercise of the trial court's judicial function. Therefore, I would affirm.