## ELLIS v. WAIT.

1. Chapter 66, Laws 1893, entitled "An act relating to costs in civil actions," does not apply to costs in this court on appeal.

2. A respondent successful in this court is entitled to have allowed him, as taxable costs, the amount properly paid for stenographer's transcript, when such expense on his part is shown to have been necessary.

(Syllabus by the Court. Opinion filed Jan. 6, 1894.)

Action by William Ellis against Lucy A. Wait, to foreclose a mortgage. A judgment for defendant was affirmed. 4 S. D. 454, 57 N. W. Rep. 229, and she now appeals from the clerk's taxation of costs in the supreme court. Modified.

*C. B. Kennedy*, for appellant.

*Joe Kirby*, for respondent.

KELLAM, J. Respondent appeals from the clerk's taxation of costs. The principal question involved is whether Chapter 66, Laws 1893, applies to and controls costs to be taxed in this court. That chapter allows so much for folio for the original draft, so much for engrossed copy, and so much for other necessary copies of all papers required to be drawn and used in any action in a court of record. While the law, by its terms, might apply to papers and records in this court, we shall, principally upon the argument *ab inconvenienti*, and without looking for other reason or justification for so deciding, hold that it was not intended to apply to or regulate costs in this court on appeal. To so apply it would make the review of a case in this court so expensive as practically to compel the unsuccessful party in the court below to submit to almost any judgment against him, rather than take the chances of defeat in this court. In a case now upon the writer's table, the costs, if taxed under the provisions of this law, would exceed $4,000. The legislature could not reasonably, and therefore we hold did not, intend such results, and so did not intend that the law in question

should apply to costs in this court on appeal. We think the clerk was right in declining to tax costs under Chapter 66, Laws 1893.

One item of $16, being amount paid by respondent for stenographer's transcript, was disallowed by the clerk. We think it should have been allowed. Section 484, Comp. Laws, provides that such transcript may be obtained by either party, ard its expense included in the taxable costs. We think such item is in the nature of a disbursement, and whether or not it should be allowed in taxation depends upon whether or not it was necessary. It may frequently happen that the respondent must refer to and depend upon such transcript to know whether any, or what, amendments should be made to the bill of exceptions or statement proposed by the appellant. It is not unusual for parties to arrange to use the same transcript, but this is not always practicable. Where it is not, and the respondent shows that the expense of a transcript was necessary on his part, and nothing appears to the contrary, such expense should be included in the costs to be taxed in his favor. Interest should not be computed and allowed on such item. Interest as damages only commences to run against a party when he becomes liable to pay. Appellant did not become liable to pay this cost until the judgment of this court so declared. We approve the taxation as made by the clerk, except as to the item of $16 for stenographer's transcript, which we think should be allowed.