## ELFRING *et al.* v. NEW BIRDSALL CO.

1. Costs are limited to items specified by statute.

2. An appellant granted costs could not tax items "for stenographer's fees to perfect appeal record" and "for appeal bond;" there being no statute specifically allowing such items.

3. Decisions by the supreme court based on a statute which had in fact been repealed when the decisions were rendered cannot control subsequent decisions.

(Opinion filed October 7, 1903.)

Appeal from circuit court, Codington county; Hon. JULIAN BENNETT, Judge.

Action by John Elfring and others against the New Birdsall Company. From the clerk's taxation of costs on appeal, defendant appeals. Affirmed.

*George W. Case,* for appellant.

*John B. Hanten,* for respondents.

HANEY, P. J. In the decision heretofore rendered in this action, modifying the judgment of the court below, the appellant was allowed costs and disbursements in this court as if the case had been reversed. Elfring v. New Birdsall Co. 16 S. D. 252 92 N. W. 29. In its notice of taxation, appellant claimed the following items: "For stenographer's fees to perfect appeal record, $35," and. "for appeal bond $17.50," objections to which, interposed by the respondent, were sustained by the clerk, and the appellant appealed.

The first item was allowable, under Comp. Laws 1887, § 484: Ellis v. Wait, 4 S. D. 504, 57 N. W. 232; Novotny v. Danforth, 9 S. D. 412, 69 N. W. 585. That section read as follows: "Such reporter shall, on the request of either party in a civil

or criminal case, make out such transcript and deliver the same to the party desiring it, on payment of his fees therefor by such party at the rate per folio as provided in section 483 and the amount allowed such reporter for transcripts required in the case shall be taxable costs." In 1893 the section was amended to read as follows: "Such reporter shall, on the request of either party in a civil or criminal case, make out and certify such transcript and deliver the same to the party desiring it, on payment of his fees at the rate of ten cents per folio, and such transcript when certified by the reporter to be a correct transcript of his notes of the evidence, proceedings and rulings shall be prima facie evidence of the testimony given and of the rulings and decisions of the court and of the proceedings had upon the trial; for each carbon copy of such transcript in civil cases the reporter shall when such copy is requested receive five cents per page." Laws 1893, p. 149, c. 87, § 2. It is well settled that costs and disbursements are creatures of statute, and cannot be allowed in the absence of statutory authority. 5 Ency. Pl. & Pr. 110. It will be observed that the words "and the amount allowed such reporter for transcripts required in the case shall be taxable costs" are omitted from the statute as re-enacted in 1893 and revised by the Code commissioners of 1903. Rev. Pol Code, § 671. Presuming, as we must, that this omission was intentional, the conclusion is irresistible that since 1893 there has been no statutory authority for the first item in dispute on this appeal. While it is true that the decisions cited, wherein the section was construed as it read prior to the amendment of 1893, were rendered after such amendment took effect, it is evident that the change in the statute was not called to the attention of this

court, and such decisions cannot prevail as against the unmistakable legislative intent.

As to the second item, we are aware of no statutory provision authorizing the allowance of amounts paid to sureties on appeal bonds. In the absence of such provision, the clerk was clearly right in disallowing the item, even though the amount stated was paid by the appellant to a duly incorporated indemnity company.

The clerk's taxation is affirmed.