PREW, Appellant, v. SOUTH DAKOTA CENTRAL RAIL-
WAY COMPANY, Respondent.

(153 N. W. 765.)

(File No. 3742.    Opinion filed July 16, 1915.)

**Costs—Stenographer's Transcript for New Trial, Taxation of Costs
for—Prevailing Party on Motion, on Judgment.**

A party necessarily procuring a stenographers transcript of
evidence for the purpose of a motion for a new trial, and who
prevails upon the motion, or where he prevails upon the appeal
from an order denying a new trial, is entitled to tax costs in
his favor therefor, under Code Civ. Proc., Sec. 411, as amended
by Laws 1913, Ch. 168, providing that, when allowed, the costs
mentioned in Sec. 410 shall be taxed by the trial court, to the
prevailing party, and that upon motion for a new trial where
no appeal is taken from the order granting a new trial, or to
the successful party upon appeal to the Supreme Court, the
cost of the stenographer's transcript of the evidence, and copy
thereof, which may have been necessarily procured for the pur-
pose of a settled record, may be so taxed; and he is entitled to
such costs where he is denied a new trial, and appeals therefrom
to the Supreme Court; and this, whether he becomes the pre-
vailing party or the losing party in the ultimate judgment in
the action; appellant's contention that, under Sec. 410, pro-
viding for allowance "to the prevailing party upon the judg-
ment" certain expenses as costs, a party, in order to be en-
titled to costs for such transcript, must prevail upon the final
judgment, not being tenable.

Appeal from Circuit Court, Minnehaha County.    Hon.
JOSEPH W. JONES, Judge.

Action by Delia A. Prew against the South Dakota Central
Railway Company.    From an order directing the clerk to tax
costs of the stenographer's transcript of evidence, against plain-
tiff, she appeals.    Affirmed.

*Krause & Krause,* for Appellant.

*Joe Kirby,* for Respondent.

Appellant submitted that:    The statutes ordinarily provide
for allowance of costs in the action as distinguished from either
interlocutory or special proceedings; and wherever so authorized
the statutory allowance of costs is universally in favor of the
prevailing party in the action; and cited:    Anderson's Law Dic-
tionary; 11 Cyc. p. 24, 27, 34.    That under these general rules
and statutory provisions the term "prevailing party" manifestly

signifies the party who succeeds in the procurement of final judgment as the ultimate result of the contest in the action. Code Civ. Proc., Secs. 410, 411. That Chapter 168, Laws 1913, only adds an additional item as such costs to the prevailing party—the preceding section being in no manner changed or modified; that none of the subdivisions of section 411 can extend beyond, or that any and all of them can only be effectual within, the express limitations prescribed by section 410, as long as those limitations are retained.

Respondent cited: Code Civ. Proc., Sec. 411; Laws 1913, Ch. 168:

SMITH, J. In February, 1914, appellant obtained a verdict and judgment against defendant, who is respondent, for damages for the loss of household goods by the alleged negligence of defendant, a common carrier. The defendant procured a transcript of evidence and proceedings at the trial, at a cost of $19.35, upon which it founded a motion for a new trial, which was granted in September, 1914. The cause was again tried, resulting in a verdict for plaintiff, upon which judgment was entered for damages in the sum of $160, and costs taxed at $118, in all $278. On November 25th, upon due notice, defendant applied to the clerk of the circuit court for taxation as costs in its favor of the amount paid for the transcript. Plaintiff filed objection on the ground that no statutory provision existed authorizing such taxation in defendant's favor. The clerk denied the application. Thereafter defendant procured an order from the trial court, requiring the clerk to show cause why he should not tax said item of costs against plaintiff. Both parties appeared by attorney at the hearing. The trial court entered an order directing the clerk to tax $19.35, costs of the transcript, against plaintiff, and further:

"Ordered and directed that judgment be entered for said amount, and that the amount thereof be deducted from such final judgment if any, as the plaintiff may obtain in this action. Let judgment be entered accordingly."

This appeal is from this order.

In view of the conclusion arrived at upon the merits, we shall not consider respondent's motion to dismiss the appeal. Appellant is not complaining because the court directed that the

costs taxed against her be deducted from any final judgment she might obtain, but challenges the right of respondent to tax costs of transcript against her in any event. It is her contention that the statute authorizes a taxation of costs only in favor of the "prevailing party," that she is the prevailing party, and that no costs can be taxed except such as may become a part of the judgment in her favor. Section 410, Code Civ. Proc. (Rev. Code of 1903), provides:

"Sect. 410. But in civil actions there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action in addition to the disbursements now allowed by law, which allowances are termed costs.

"Sec. 411. When allowed the costs mentioned in section 410, shall be. *  *  *"

Then follow six subdivisions specifying various items of costs. The latter section was amended by chapter 168, Laws of 1913, by adding subdivision 7, which reads as follows:

"To the prevailing party, upon motion for new trial where no appeal is taken from the order granting new trial, or to the successful party upon an appeal to the Supreme Court, there shall be taxed by the trial court the cost of the stenographer's transcript of the evidence, and copy thereof, which may have been necessarily procured for the purpose of a settled record."

Prior to 1893, the expense of the stenographer's transcript was an item of taxable costs. By chapter 87, Laws of 1893, the statute was amended to exclude this item of costs. Elfring v. New Birdsell Co., 17 S. D. 350, 96 N. W. 703. It will be observed that the original provision allowing the taxation was contained in Pol. Code, § 484 (Comp. Laws of 1887), but was stricken out by chapter 87, Laws of 1893, which was reenacted as section 671, Pol. Code 1903. By chapter 168, Laws of 1913, amending section 411, C. C. P., the right to tax stenographer's transcript as costs was restored. Subdivision 7 of the amended section primarily deals with stenographer's transcripts which are necessary for the purposes of a settled record. Such settled record may be used upon motion for a new trial. Where a new trial is granted, the transcript has accomplished one of the purposes for which it was procured. But when a new trial is denied and

the cause is appealed to the Supreme Court, the transcript becomes a part of the record upon appeal, and has accomplished its final purpose when the appeal has been determined in favor of or against the party who procured and used it. It is perfectly clear, therefore, that a party who has procured a transcript, used it upon a motion for new trial, and has prevailed upon such motion, when his opponent has not appealed, may tax the costs of the transcript against his opponent, or when his motion for a new trial has been denied, and he has appealed, and has been successful in obtaining a new trial in the appellate court, the cost of the transcript may likewise be taxed against his opponent. It is patent, therefore, that the party who has found it necessary to procure and use a transcript, and thereby has obtained a new trial, either in the trial court or in the appellate court, is entitled to a taxation of such costs in his favor, whether he becomes the prevailing or the losing party in the ultimate judgment which may be obtained in the action.

It follows that the trial court did not err in allowing respondent to tax such costs, and the order must be affirmed.