Clarence HEEZEN and Betty Heezen, and Marvin Steele, as administrator of the Estate of G. C. Steele, Deceased, Plaintiffs and Appellants,

v.

AURORA COUNTY, South Dakota and Crystal Lake Township, Aurora County, South Dakota, Defendants and Respondents.

No. 12313.

Supreme Court of South Dakota.

July 6, 1978.

E. Steeves Smith of Tinan, Padrnos, Smith & Saukerson, Mitchell, for plaintiffs and appellants.

Walter C. Miller of Miller, Miller & Sebastian, Plankinton, for defendants and respondents.

PER CURIAM.

This case presents the narrow legal question of when the cost of a hearing transcript can be taxed as a cost against the losing party. The Circuit Court, Fourth Judicial Circuit, awarded the cost of the transcript as a cost against the plaintiffs and they appeal. We reverse.

The facts are that the Heezens and Steele sued Aurora County and Crystal Lake Township in an eminent domain action in 1966. Heezens and Steele won at the trial court level, but were reversed by this Court in *Heezen & Steele v. Aurora County*, 1968, 83 S.D. 198, 157 N.W.2d 26. A new trial was held and the County and Township were granted judgment in their favor on September 11, 1974. Because of the complexity of the case, the judge ordered a copy of the proceedings in the second trial transcribed for his benefit in making his decision. Heezens and Steele were taxed for the cost of the transcript in the amount of $802.20 in spite of the fact that no motion for a new trial was made and no appeal was taken from the judgment in the second trial. They appeal only on the cost issue and also point out a mathematical error by the trial court in adding up the costs.

SDCL 15–17–5 provides:

"To the prevailing party when a new trial is granted and no appeal taken or to the successful party upon an appeal to the Supreme Court there shall be taxed in the trial court the actual and lawful costs of a shorthand reporter's transcript, necessarily procured for the purpose of a settled record."

This Court has interpreted the predecessor to this statute and summarized the legislative history of awarding transcript costs as follows:

"Prior to 1893, the expense of the stenographer's transcript was an item of taxable costs. By chapter 87, Laws of 1893, the statute was amended to exclude this item of costs. *Elfring v. New Birdsell Co.*, 17 S.D. 350, 96 N.W. 703. * * By chapter 168, Laws of 1913, amending section 411, C.C.P., the right to tax stenographer's transcript as costs was restored. Subdivision 7 of the amended section primarily deals with stenographer's transcripts which are necessary for the purposes of a settled record. Such settled record may be used upon motion for a new trial. Where a new trial is

granted, the transcript has accomplished one of the purposes for which it was procured. But when a new trial is denied and the cause is appealed to the Supreme Court, the transcript becomes a part of the record upon appeal, and has accomplished its final purpose when the appeal has been determined in favor of or against the party who procured and used it. *It is perfectly clear, therefore, that a party who has procured a transcript, used it upon a motion for new trial, and has prevailed upon such motion, when his opponent has not appealed, may tax the costs of the transcript against his opponent, or when his motion for a new trial has been denied, and he has appealed, and has been successful in obtaining a new trial in the appellate court, the cost of the transcript may likewise be taxed against his opponent.*" *Prew v. South Dakota Central Railway Company*, 1915, 35 S.D. 601, 603–04, 153 N.W. 765, 766 (emphasis added).

In view of the fact that transcript costs were specifically excluded as a cost and then allowed again in 1913 in the circumstances spelled out in ch. 168, Laws of 1913, § 1, subd. 7, which is virtually identical to SDCL 15–17–5, it is apparent that those are the only circumstances in which they are to be taxed as a cost to a losing party. Since no motion for a new trial nor appeal was taken from the judgment in the second trial, it was error to tax the cost of the second trial transcript as a cost against the Heezens and Steele. They concede that they are liable for the transcript cost of the first trial, which was reversed and ultimately decided against them, and that is the clear intent of SDCL 15–17–5. *Sambo v. Semmler*, 1936, 64 S.D. 246, 266 N.W. 255. For this reason, we reverse the lower court's taxation of the transcript in the amount of $802.20 and remand for purposes of determining the proper costs to be levied with that item deleted.