Darlene **HOLLMAN**, Employee, Claimant, and Appellee,

v.

**DALE ELECTRONICS**, Employer, Defendant, and Appellant,

and

**Liberty Mutual Insurance Co.**, Insurer, Defendant, and Appellant.

No. 12932.

Supreme Court of South Dakota.

Submitted on Briefs April 22, 1980.

Decided Nov. 5, 1980.

Steven M. Johnson of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for employee, claimant, and appellee.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendants and appellants.

PER CURIAM.

The Department of Labor (Department) granted employee Darlene Hollman's worker's compensation claim. The Department did not grant her request for attorney fees and transcript costs. The circuit court affirmed. This Court dismissed defendants' appeal, leaving only the issues raised by employee's notice of review before the Court. We affirm in part and reverse and remand in part.

In her petition for a worker's compensation hearing employee requested attorney fees. SDCL 58-12 3, ARSD 47:03:01:04. She renewed her request three days after receiving the Department's findings of fact and conclusions of law. Neither the Department nor the circuit court on appeal held a hearing on the issue of attorney fees. See SDCL 58-12 3.1.

Employee argues that she should have been afforded a hearing on the issue of attorney fees. We agree. In actions against insurance companies:

> The determination of entitlement to an allowance of attorney fees as costs and the amount thereof under § 58 12 3 shall be made by the court or the department of labor at a separate hearing of record subsequent to the entry of judgment or award in favor of the person making claim against the insurance company . . . . Such a hearing shall be afforded upon the request of the claimant made within ten days after entry of the judgment or award.

SDCL 58- 12 -3.1.

Employee also argues that the cost of her copy of the hearing transcript should have been taxed against the losing party. In worker's compensation hearings "a record of the proceedings at such hearing shall be kept, the expense of such record to be borne by the fund of the department." SDCL 62-7-13. SDCL 1 26 22 in part provides:

> Whenever a party requests in writing that oral proceedings be transcribed, a verbatim record of all proceedings and testimony shall be kept by the agency. Unless otherwise provided by law the agency shall not be required to transcribe the record unless the requesting party tenders and pays the reasonable cost thereof. If transcribed, a copy of the record shall be furnished to any other party to the hearing at the request and expense of such other party.

Because the worker's compensation laws do not provide otherwise, employee, the re-

questing party, must bear the expense of procuring a copy of the hearing transcript.*

We affirm that portion of the judgment denying transcript costs. That portion of the judgment denying attorney fees is reversed; the case is remanded to the circuit court with orders to remand to the Department for proceedings consistent with this opinion.

---

* SDCL 15–17–5 is inapplicable. See *Heezen v. Aurora County*, 267 N.W.2d 831 (S.D.1978).