PER CURIAM.
The employer/carrier appeals a workers’ compensation order awarding fees to the claimant’s attorney for obtaining an increase in compensation benefits from $87.60 to $130.00 per week. At the time the claimant sustained her compensable injury, the employer/carrier was unaware that she was also employed at a second job and failed to include income therefrom in its computation of benefits. All other benefits were promptly paid by the employer/carrier. Seven months subsequent to the injury, after consulting an attorney, the claimant notified the employer of her concurrent employment and claimed an increased compensation rate. Within 21 days of the receipt of this claim, the employer increased the claimant’s rate and forwarded a lump sum check to her as an adjustment to benefits previously paid. All subsequent disability benefits were timely paid at the corrected rate.
The Deputy Commissioner determined that the claimant’s attorney was entitled to a fee for bringing about an increase in rate, and that the employer had failed to make an “in-depth inquiry with regard to the average weekly wage and concurrent employment.”
The employer/carrier urges that the award of attorney’s fees was erroneous because the claim was investigated immediately upon receipt, and all benefits claimed were paid within 21 days. Florida Statutes, Section 440.34(1) (1978 Supp.). We agree. This case is distinguishable from situations where the employer stands behind “a wall of willful ignorance” and fails to investigate medical facts even after being notified that benefits may be due. E. g., Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970). The claimant has a duty to make her claim known. Here, there was nothing to put the carrier on notice that additional benefits might be due. Accordingly, the award of attorney’s fees based on additional benefits attributable to claimant’s concurrent employment is REVERSED.
BOOTH, SHAW and WENTWORTH, JJ., concur.