LARRY G. SMITH, Judge.
On this appeal by the employer/carrier we affirm the deputy commissioner’s award of attorney’s fees to the claimant’s attorney based upon the “bad faith” provision, Section 440.34(3)(b), Florida Statutes (Supp. 1980).
A chronology of the events preceding the deputy commissioner “bad faith” ruling amply demonstrates the basis for the award. On October 30, 1980, the claimant injured his knee in an industrial accident, and was hospitalized for three or four days. On November 8, 1980, claimant reinjured his *1188 knee, and was hospitalized again for a much longer period of time. In February, claimant had surgery on his knee at which time he came under the care of Dr. Kaufman. Claimant’s bills for treatment and hospitalization were submitted to the employer but remained unpaid, the employer at one point indicating that it wasn’t accepting claimant’s injury a compensable. In addition, the employer refused to give the claimant the name of its worker’s compensation insurance carrier. Finally, the claimant secured the services of an attorney who filed a claim for compensation and medical benefits on February 24, 1981. Over the next several months, claimant suffered several episodes of his knee “locking,” some of which were work-related, some of which were not. These incidents also required treatment and hospitalization.
The carrier took claimant’s deposition on April 13, 1981, and took Dr. Kaufman’s deposition on June 17, 1981. At this time, Dr. Kaufman’s bill and claimant’s hospital bills were still unpaid. There is some confusion in the record about the exact amount of compensation benefits which had been paid to this date, but clearly, the amount was negligible considering all of claimant’s periods of disability.
On July 1, 1981 (or thereabouts), at a pre-trial conference in the case the employer/carrier agreed to pay all outstanding medical bills and temporary total compensation to the claimant. A special hearing was held on July 8, 1981 for the purpose of considering the award of attorney’s fees only, and this was followed on July 22,1981 by the order appealed, in which the deputy commissioner found the employer initially controverted this claim, and through its carrier did not discharge its obligation to timely investigate the claim and to promptly pay benefits due to the claimant.
We find the employer/carrier’s appeal totally without merit. Although the employer had actual notice of claimant’s injury to his knee from the outset, it failed to file a first report of injury until December 29, 1980, ignoring the requirement of Section 440.185(2). Neither the employer nor carrier filed a notice to controvert as required by Section 440.20(6) even though their actions clearly amounted to a contro-version of claimant’s claim. Further, the employer failed to provide medical treatment and failed to provide compensation benefits after it had notice of claimant’s injury, contrary to Section 440.20(2), which provides that the first installment of compensation becomes due on the fourteenth day after the employer has knowledge of the injury. Finally, the employer/carrier offered no evidence or testimony to excuse these failures.
This case is unlike Walt Disney World Company v. May, 397 So.2d 1003 (Fla. 1st DCA 1981), in that there the employer admitted the accident, provided all necessary remedial treatment, and paid temporary total disability benefits when the claimant was put back in the hospital for her back condition. Walt Disney World withheld benefits only for a disputed period of some two and one-half months, in reliance upon the report of its in-house physician, that the claimant was capable of returning to work during that time. This case is further unlike Embry-Riddle Aeronautical University v. Vestal, 399 So.2d 1033 (Fla. 1st DCA 1981), in that the deputy here did not “simply infer from general testimony that bad faith exists ...,” but held a separate fact-finding proceeding specifically directed to that issue.
The fact that the employer is guilty of much of the conduct which is criticized here is inconsequential as actions of the employer amounting to bad faith are imputed to the carrier. Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981). This case presents a situation in which the employer/carrier simply ignored the duty to promptly investigate and process appellee’s claim. We thus conclude that the deputy commissioner was entirely correct in determining that their actions were oppressive and in willful and reckless disregard of the claimant’s rights. Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
The order appealed is AFFIRMED.
MILLS and SHAW, JJ., concur.