PER CURIAM.
The employer/carrier' (e/c) appeals a workers’ compensation award requiring them to pay claimant’s attorney’s fees based upon a finding by the deputy commissioner (D/C) that the e/c had disregarded the rights of claimant so as to cause economic loss, pursuant to the requirements of § 440.34(3)(b), Fla.Stat. (1981). We agree with the D/C and affirm.
Claimant suffered a compensable injury in a fall at her workplace. The employer *1075 promptly submitted a “notice of injury” form to the carrier, who began paying benefits to claimant based on that notice. Four months later, claimant consulted an attorney and thereafter filed a claim for additional benefits, based on a $200 per month car allowance paid her as part of her compensation, of which the employer had failed to inform the carrier. That amount, therefore, was not included by the carrier in its calculation of claimant’s benefits. After the claim had been filed, claimant’s attorney contacted the carrier by telephone, and informed it of the error and the resulting shortage in claimant’s benefits. After verifying the car allowance with the employer, the carrier immediately increased claimant’s average weekly wage and compensation rate to reflect the additional amount and, within 21 days, sent claimant a check for the benefits erroneously withheld.
A hearing was subsequently held for the purpose of determining the e/c’s responsibility for claimant’s attorney’s fees on the basis of bad faith, pursuant to § 440.-34(3)(b), Fla.Stat. This statute provides that a claimant shall be entitled to recover a reasonable attorney’s fee from the e/c where the deputy finds that the e/e has acted in bad faith with regard to handling the injured workers’ claim and the injured worker has suffered economic loss. The deputy herein found that claimant had been forced to retain expert counsel to obtain the increase in her benefits, and that the e/c had disregarded claimant’s rights such that she suffered an economic loss. The deputy therefore held the e/c responsible for appellant’s attorney’s fees.
The e/c contends that there was no competent substantial evidence of bad faith to support this award. It points out that § 440.34(3)(b) defines “bad faith” as “conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or wilful, wanton, or reckless disregard of the rights of the claimant,” and that claimant had failed to show that the employer’s failure to notify the carrier of the car allowance was anything but simple oversight. The e/c further notes that, as soon as the error was brought to the carrier’s attention, it was promptly rectified, including prompt repayment to claimant of all omitted benefits. Claimant responds that the carrier admitted at the hearing that the error was only brought to his attention by the claimant’s attorney and argues that, therefore, if she had not retained an attorney, the e/c would have continued paying the incorrect amount. Claimant points out that the law states that injured workers shall receive promptly those benefits to which they are entitled, and that, to obviate the need for attorney involvement, the workers’ compensation act places the initiative with the e/c to provide these benefits. Claimant asserts that the award of attorney’s fees was supported by competent substantial evidence and should be affirmed. We agree.
The standard for review of an award of attorney’s fees under § 440.-34(3)(b) was stated in Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981). The court held that
a broad discretion must necessarily vest in the deputy commissioner to measure the actions of the carrier in light of his judgment, experience and knowledge .... Unless we find a clear abuse of discretion or departure from the law, the decisions of the deputy commissioner will be upheld.
Id. at 213. The deputy’s action in this case does not warrant reversal pursuant to this standard. Florida Erection Services, supra, noted as well that a finding of “bad faith” was not limited to instances of “active concealment, misrepresentation or continued course of dishonest dealing,” Id. at 208; neither does § 440.34(3)(b) limit “bad faith” to such instances. While the statutory definition does include the terms “fraud”, “malice”, “oppression” and “a wilful or wanton disregard of claimant’s rights”, bad faith can also be manifested under the statute by a reckless disregard of those rights. We find that the e/c’s conduct herein falls within this latter category.
*1076 As claimant points out, it is clear that injured workers should receive their workers’ compensation benefits promptly. Thompson v. W.T. Edwards Tuberculosis Hospital, 164 So.2d 13 (Fla.1964); Dolphin Tire Co. v. Ellison, 402 So.2d 36 (Fla. 1st DCA 1981). And, as this court recently stated in Great Dane Trailers and Jones, Hill & Mercer v. Flis, 435 So.2d 931 (Fla. 1st DCA 1983):,
Though revisions to chapter 440 by the 1979 Legislature are said to have been intended to deter attorney involvement on the part of the claimants, that deterrence is to accomplished by enhancing the self-executing character of the Act, placing the initiative with the employer and carrier, and so dispensing with the need for claimant’s attorneys in the scheme for securing just compensation to injured workers.
Id. at 933. This is especially true of a factual situation such as the one here, where the information necessary for payment of the proper amount of benefits is in the possession and control of the employer.
This situation is not analogous to that in Walt Disney World v. Molter, 401 So.2d 1170 (Fla. 1st DCA 1981), where a similar award of attorney’s fees was overturned by the court. In WDW, claimant’s initial benefits were erroneous because she did not inform the employer until 7 months after the injury that she had had concurrent employment while working for the employer. The court found that, even though claimant had to hire an attorney to get her benefits corrected, the e/c had not acted in bad faith because claimant had done nothing to put it on notice that additional benefits might be due. Id. at 1171. In WDW, therefore, the missing information was in sole control of claimant. In the instant case, only the employer had the ability to inform the carrier of the full amount of claimant’s compensation, including the car allowance, but did not do so. Under these circumstances, we find that this omission constitutes a “reckless disregard of the rights of the claimant” within § 440.-34(3)(b), Fla.Stat. (1981).
It should be noted that a deputy’s failure to use the words “bad faith” in an order awarding attorney’s fees pursuant to this statute does not necessarily invalidate the order where, as here, the deputy refers to the pertinent statute and makes findings which conform thereto. It is also of no consequence that the carrier was not at fault for the error in benefits and, in fact, acted promptly to provide the correct benefits once the omitted information was brought to its attention. As we have previously held, the actions of the employer amounting to bad faith are imputed to the carrier. Sam Rogers Enterprises v. Williams, 401 So.2d 1388 (Fla. 1st DCA 1981); T.J. Chastain Farms v. Kusiak, 414 So.2d 1187 (Fla. 1st DCA 1982).
Based on the foregoing, we affirm the deputy’s award of attorney’s fees to claimant on the basis of § 440.34(3)(b).
MILLS and WENTWORTH, JJ., and McCORD, GUYTE, P., Jr. (Retired), Associate Judge, concur.