ALL NATION INSURANCE COMPANY,
Plaintiff and Appellee,

v.

Jeffrey W. BROWN, Earl R. Brown &
Elaine Brown, Defendants and Third
Party Plaintiffs and Appellants,

and

Ronald D. LANGDON, Defendant,

v.

George E. VANDERLOO, Third
Party Defendant.

No. 14080.

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1983.

Decided Feb. 22, 1984.

Rehearing Denied March 30, 1984.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for plaintiff and appellee.

Thomas M. Frankman of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for defendants and third party plaintiffs and appellants.

FOSHEIM, Chief Justice.

Jeffrey W. Brown (Brown), Earl R. Brown and Elaine Brown appeal a denial of attorneys fees which are available for an action against an insurer under SDCL 58–12–3. We reverse.

An automobile tort action was brought against Brown. Brown requested legal representation from his insurer, appellee All Nation Insurance Company (Company). The Company denied that Brown was insured but agreed to provide counsel for Brown until the coverage question was resolved. The Company then instituted a declaratory judgment action against Brown and his parents. The trial court held

Brown entitled to representation and indemnity from the Company in the tort action.

Brown's attorney requested attorney fees pursuant to SDCL 58–12–3, which provides:

In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company or exchange before the commencement of the action or proceeding in which judgment or an award is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company arising out of its refusal to pay such loss.

The trial court denied the request because the declaratory judgment action was not commenced by an insured against an insurance company and did not involve an allegation of refusal to pay benefits. We do not see these as valid reasons in a situation such as this, which is, in effect, an insurance company's substitute for defending an action for refusal to pay benefits.

■ Although the statute specifically refers to actions commenced against insurance companies, even the Company concedes that whether the insurer is the named plaintiff and the insured the named defendant is not dispositive of attorney fee liability. Our statutes are given a liberal construction with a view to effect their

objects and to promote justice. SDCL 2–14–12. The obvious objective of SDCL 58–12–3 is to discourage contesting insurance coverage and to reimburse an insured for any reasonable attorney's fees necessarily incurred in defending or enforcing a valid insurance contract right. *Cf. Florida Rock, Etc. v. Continental Insurance Company,* 399 So.2d 122 (Fla.1981). Taking the initiative to have liability determined does not occlude an insurer's responsibility to pay attorney's fees when its refusal to pay according to the policy is found to be vexatious or without reasonable cause.

That the pleadings for declaratory judgment did not contain a specific allegation of the Company's refusal to pay is likewise insufficient to negate an attorney's fees award under SDCL 58–12–3. Such refusal was implicit and understood by bringing the action. Faced with such a situation, the insured, in order to secure his policy benefits, was obliged to hire counsel and defend the action. The statute was intended to protect him when he must do that.

We reverse. On remand the trial court is directed to enter findings on the vexatiousness or unreasonableness of the Company's refusal to pay (which it did in its initial findings but omitted in the amended findings) and then apply SDCL 58–12–3 according to this opinion.

DUNN, J., concurs.

HENDERSON, J., concurs specially.

WOLLMAN and MORGAN, JJ., dissent.

HENDERSON, Justice (specially concurring).

Supporting an injured and defenseless public, the State Legislature declared the existence of two laws to rectify a social need of growing dimension. Sanctions were placed upon insurance companies who took premiums from the public but did not respond in law to their contractual obligations mandated by insurance policies.

Pertinent to our inquiry is SDCL 58–12–3 set forth in extenso:

In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, *if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee* to be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company or exchange before the commencement of the action or proceeding in which judgment or an award is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company arising out of its refusal to pay such loss. (Emphasis supplied.)

Germane to our decision is SDCL 58–12–3.1 which I set forth verbatim:

> The determination of entitlement to an allowance of attorney fees as costs and the amount thereof under § 58–12–3 *shall be made by the court or the department of labor at a separate hearing of record* subsequent to the entry of a judgment or award in favor of the person making claim against the insurance company, and, if an allowance is made, the amount thereof shall be inserted in or added to the judgment or award. Such a hearing shall be afforded upon the request of the claimant made within ten days after entry of the judgment or award. (Emphasis supplied.)

It is indispensable to our decision, which we now factually note, that subsequent to the trial on this action, a separate hearing on attorneys fees was held. The trial court found that the insurance company's refusal to provide coverage under its contract was without reasonable cause. Nevertheless, the trial court found that attorneys fees could not be awarded under SDCL 58–12–3.1 because there was no allegation of refusal to pay benefits nor was this an action commenced by an insured against an insurance company. Therefore, I perceive the legal question to be decided herein is not whether the refusal to provide coverage was unreasonable, but, rather, whether SDCL 58–12–3.1 is applicable to this type of action. And, joining the majority, I would hold that it is applicable to declaratory actions, brought by an insurance company against one of its policyholders, as the claim for attorneys fees should not be defeated by the juxtaposition of the parties. *See Hartford Fire Ins. Co. v. Aetna Ins. Co.*, 270 Or. 226, 235–36, 527 P.2d 406, 411 (1974). Key language in a Nebraska statute, consonant with our statute, expressed: "In all cases where the beneficiary, or other person entitled thereto, brings an action upon any type of insurance policy * * *, the court, upon rendering judgment against such company, * * * shall allow the plaintiff a reasonable sum as an attorney's fee * * *." Neb.Rev.Stat. § 44–359 (Supp. 1972). Under this language, a trial court ruled with essentially the same logic as the trial court in this case in *State Farm Mutual Auto. Ins. Co. v. Selders*, 189 Neb. 334, 202 N.W.2d 625 (1972), also a declaratory action brought by the insurer to determine the coverage afforded. In reversing, the Nebraska Supreme Court held that the allowance of attorneys fees should not depend upon who institutes the action.

As for the "refusal to pay benefits" argument of the insurance company, it is true the insurer did not refuse to pay the full amount of the loss; however, its policyholder did not know the amount of loss. Policyholder could not assert a counterclaim because the amount of loss was unknown. Basically, one must focus on this concept: The insurance company resolutely denied coverage under the policy; then, it sued its policyholder to manifest in law its private conviction.

We must lend support to the will of the legislature and not rule against the spirit of this legislation. Our legislators foresaw a social need to be treated, in law, to help the weak against the strong. To decide this case adversely to the policyholder because he did not strike the first blow, would permit the law of reason to be governed by the law of absurdity.

Substantively, major surgery is required and I concur in a reversal. Cosmetically, the trial court's decision needs minor surgery upon remand and in this I likewise concur.

MORGAN, Justice (dissenting).

I dissent.

The majority's reliance on SDCL 2–14–12 is misplaced. SDCL 58–12–3 cannot be read in a vacuum. South Dakota is firmly entrenched within the American rule that attorney fees are not ordinarily recoverable in the absence of statutory authorization. *Boland v. City of Rapid City*, 315 N.W.2d 496, 503 n. 4 (S.D.1982). SDCL 15–17–7, states that "[t]he court may allow attorneys' fees as costs for or against any party to an action only in the cases where the same is specifically provided by statute . . . ." The defendant's claim for costs is based on SDCL 58–12–3, as set out in full in the majority opinion. In reviewing SDCL 58–12–3, we must keep in mind the appropriate standard of review for examination of an exception to a general rule. That is, we must construe it strictly, resolving doubts in favor of the general provision and consistent with the overall purpose of the entire statute. *First American Systems, Inc. v. Rezatto*, 311 N.W.2d 51, 55 (S.D.1981).

A review of the statute indicates four specific criteria: (1) The action or proceeding must be against an insurance company; (2) it must appear that the company has refused to pay the full amount of a loss; (3) the refusal must be vexatious or without reasonable cause; and (4) judgment or award must be rendered for the insured. The majority opinion would brush aside the first requirement in this case and ig-

nore the distinction created by the fact that the insurance company initiated the declaratory judgment action. In effect, a declaratory judgment action provides an insurance company's best protection against potential actions by its insureds for refusal to pay benefits. This is a question of first impression in South Dakota. While Brown cites South Dakota decisions wherein the court reviewed declaratory judgments instituted by insurance companies, it does not appear the precise issue was ever discussed. The opinions indicate that in each case there was a counterclaim by the insureds asserting a loss. That is not the case here. Had the Browns counterclaimed and showed a loss as the Golden Rule Construction Company did in *North River Ins. Co. v. Golden Rule Construction, Inc.*, 296 N.W.2d 910 (S.D.1980), I would agree that designation of the insured and insurer as plaintiff or as defendant would be irrelevant. In the event of a counterclaim by the insured there would be, as there was in *North River*, (1) a claim against an insurance company by an insurer presenting a loss, and (2) the apparent refusal of the company to pay the loss in full. In this case, there was no such claim, counter or otherwise, against the insurance company. The majority opinion by the statement cited above seems to infer that the insurer is liable under the statute when they commence a declaratory judgment action to determine the rights of the parties in order to avoid a charge of vexatious or unreasonable refusal to pay. In this same vein the majority opinion makes a monumental leap when it states, as justification for its holding, that "the obvious objective of SDCL 58–12–3 is to discourage contesting insurance coverage . . . ." In my view, the objective is to discourage only *vexatious and unreasonable* contests.

An insurance policy is a contract. Under SDCL ch. 21–24, a party to a contract has a right to bring a declaratory judgment action to determine the rights of the parties under that contract or to determine the existence of the contract. In my opinion it would be unconstitutional to single out in-

surance companies and impose a penalty upon them for exercising their right to a court determination of their contractual obligations. Regardless of the policy arguments to be made for insurance companies, the award of attorney fees in this case is certainly not required in light of the first criterion of SDCL 58–12–3.

The second criterion of SDCL 58–12–3 is also not met in this case. There was not a refusal to pay the full amount of a loss. Nothing in this record indicates that a loss was arrived at. Indeed, the Browns claim no loss other than their attorney's fees. The defense was tendered to it, the company furnished counsel for the Browns and then brought this declaratory judgment action. Presumably, the Browns' procedural rights are being protected by a company-furnished attorney and the liability for the loss, if one ultimately arises, has been determined by the declaratory judgment action. Since the company did not cross-appeal from that declaratory judgment we assume they have decided to fulfill their obligations under the insurance contract.

The company's course of action, in my opinion, absolutely rules out the possibility that the refusal was vexatious or without reasonable cause, and thereby eliminates the third criteria for the award of attorney's fees. I refuse to equate the commencement of a declaratory judgment action with a vexatious or unreasonable refusal to pay. The company did not refuse to perform its contract, but merely sought a declaration of its rights and obligations under that contract. Based on our previous decisions I would hold as a matter of law that the company was not guilty of a vexatious or unreasonable refusal to pay nor to defend and I would affirm the judgment of the trial court.

I am authorized to state that WOLL-MAN, J., joins in this dissent.