Carl A. OFSTAD, Jr., Claimant
and Appellant,

v.

**SOUTH DAKOTA DEPARTMENT OF TRANSPORTATION, Highway Division, Employer and Appellee.**

**No. 14720.**

Supreme Court of South Dakota.

Considered on Briefs March 8, 1985.

Decided May 21, 1986.

540

Craig A. Kennedy of Doyle, Bierle, Porter & Kennedy, Yankton, for claimant and appellant.

Camron Hoseck, Asst. Atty. Gen., Pierre, for employer and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WUEST, Justice.

In this appeal Carl A. Ofstad Jr. (employee), an employee of the South Dakota Department of Transportation, State Highway Division (employer), was awarded worker's compensation benefits and attorneys' fees by an administrative hearing examiner. The circuit court reversed the hearing examiner's award of attorneys' fees. We affirm.

Employee injured his back while working for employer. As employee's treatment continued, employer paid partial disability benefits for a time. Nearly two years after the injury employer determined that employee did not qualify for benefits because employer had not received adequate notice of the injury. After an administrative hearing, the hearing examiner awarded employee worker's compensation benefits. The hearing examiner later awarded employee attorneys' fees.

The sole issue in this case is whether employer may be liable for attorneys' fees under SDCL 58-12-3,* which generally authorizes an award of attorneys' fees against any insurance company. Employer has conceded that benefits were payable despite the issue that had been raised concerning notice of the injury.

Generally, attorneys' fees are not recoverable in South Dakota unless they are *specifically* authorized by statute. SDCL 15-17-7 provides in part: "The court may allow attorneys' fees as costs for or against any party to an action only in the cases if it is *specifically* provided by statute [emphasis added][.]" *See also Lowe v. Steele Constr. Co.*, 368 N.W.2d 610 (S.D. 1985); *Noll v. Brende*, 318 N.W.2d 319 (S.D.1982); *Estate of Weickum*, 317 N.W.2d 142 (S.D.1982). Employee contends that because employer is an "insurer" as defined in SDCL 58-1-2(2), employer may be held liable for attorneys' fees as an "insurance company" under SDCL 58-12-3.

An "'[i]nsurer' includes every person as indemnitor, surety, or contractor in the business of entering into contracts of insurance." SDCL 58-1-2(2). Because employer is not in the business of entering into contracts of insurance but merely pays claims from its departmental fund, SDCL 62-4-33, it is not an insurer within SDCL 58-1-2(2). This interpretation of the defini-

---

* SDCL 58-12-3 provides in pertinent part:

> In all actions or proceedings hereafter commenced against any insurance company, including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance, if it appears from the evidence that such company or exchange has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, the department of labor, the trial court and the appellate court, shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs[.]

tion of "insurer" is consistent with what we believe to be the intent and the plain, ordinary, and popular meaning of the statute, *Moulton v. State*, 363 N.W.2d 405 (S.D.1985), SDCL 58-12-3, which *specifically* refers only to insurance companies and not to the South Dakota Department of Transportation. Accordingly, we hold that SDCL 58-12-3 does not authorize an award of attorneys' fees against employer on employee's claim for worker's compensation benefits.

The circuit court's order is affirmed.

FOSHEIM, C.J., concurs.

HENDERSON, J., specially concurs.

MORGAN and SABERS, JJ., dissent.

HENDERSON, Justice (specially concurring).

Ordinarily, when we are involved in statutory interpretation, we should establish a mental concept that a statute cannot go beyond its text. However, to effectuate its purpose, courts have held that a statute may be implemented beyond its text. *Durr v. Hardesty*, 76 S.D. 232, 239, 76 N.W.2d 393, 397 (1956); *Busby v. Shafer*, 75 S.D. 428, 430, 66 N.W.2d 910, 911 (1954). Perhaps these two conceptual approaches bring us to the horns of an interpretative dilemma in this case. Often, we see learned individuals in the law who will unequivocally state that the statute is clear upon its face and, when standing alone, it is fairly susceptible of but one construction and, therefore, a particular construction must be given to it. Other individuals, learned in the law, will interpret the same statute and be convinced beyond a shadow of a doubt that the statute is not clear upon its face and that it is susceptible of various constructions. What is right, and what is wrong, is often seen in the eyes of the beholder. It is subjective analysis, oftentimes, as to whether the statute is clear upon its face.

This case truly involves the reading and construction of more than *one* statute. Before expressing these statutes, the issue should be set forth. We are to determine if an employee of the Department of Transportation, Highway Division, can recover attorney's fees from the Department in a worker's compensation case, based upon a refusal to pay which is allegedly vexatious or without reasonable cause.

Key statute number one is SDCL 58-12-3. The statute expressly refers to "any insurance company." It is obvious that the South Dakota Department of Transportation is not an insurance company. This then leaves the language "including any reciprocal or interinsurance exchange, on any policy or certificate of any type or kind of insurance...." Ofstad, claimant and appellant, has not brought an action under any policy or certificate of insurance. There is no suggestion of any reciprocal or interinsurance exchange.

Key statute number two is SDCL 58-1-2(2), which provides: " 'Insurer,' [is defined as] every person engaged as indemnitor, surety or contractor *in the business of entering into contracts of insurance*." (Emphasis supplied mine.) Factually, it is beyond the realm of reasonable dispute that the South Dakota Department of Transportation is not in the business of entering into contracts of insurance. Conclusion: Said Department does not fit within the statutory definition of an insurer. Therefore, it cannot be brought within SDCL 58-12-3 and be required to pay attorney's fees as a part of costs.

Key statute number three is SDCL 62-4-33, which provides, inter alia, that the Department of Transportation or the State Cement Plant Commission shall pay claims from funds available for the maintenance of the Department or the Commission and further excepts the employees of the Department or Commission from the provisions of SDCL 62-4-32; the thrust therefore being that the employer does pay claims from its departmental funds.

Key statute number four is SDCL 62-5-4, which expressly sets forth the action which must be taken for an employer to become self-insured. Said statute provides for the approval of the Department of La-

bor for self-insurer status. Acting upon this request, the Department of Labor is to issue a certificate to the effect that an employer is self-insured. There is no hint that this was ever done in the case at hand. Perforce, the Department of Transportation is not a self-insurer under the worker's compensation law.

Lastly, these attorney's fees were awarded as costs. Costs are recoverable only if specifically provided for by statute. SDCL 15–17–7; *Int'l Multifoods Corp. v. Mardian*, 379 N.W.2d 840, 844 (S.D.1985); *Lowe v. Steele Constr. Co.*, 368 N.W.2d 610, 614 (S.D.1985). There are no South Dakota statutes which specifically allow recovery of attorney's fees against the South Dakota Department of Transportation, predicated upon a concept that it is a self-insurer or an insurance company, and thus they cannot be awarded under SDCL 58–12–3 by using statutory construction which strains the object and goal of said statute. We should not disregard the unequivocal requirements of the statute. We cannot question the wisdom or policy of SDCL 58–12–3. *Temple v. City of Petersburg*, 182 Va. 418, 29 S.E.2d 357 (1944). For, after all, was not this statute created amid a healthy debate and democratic process in our legislative halls? Instead, we should consider all of the above statutes and construe them so as to give effect to all provisions thereof. *Hot Springs Ind. Sch. Dist. No. 10 v. Fall River Landowners Ass'n*, 262 N.W.2d 33, 36 (S.D.1978). We should construe the statutes together and harmonize them. If so done, the minority's conclusion is untenable.

*Moulton v. State*, 363 N.W.2d 405, cited in the majority opinion as authority for "the plain, ordinary, and popular meaning of the statute" finds great disfavor with me not only because it is inapposite to the issue before us, but also because said case was not decided upon any ordinary or popular meaning. The strained interpretation in *Moulton* was dangerous in proportion to the degree of reasonableness which it tried to express. I will not permit the error in *Moulton* to frost the windows of my mind. And I certainly will not join in its repetition

as a citation for any proposition pertaining to the plain, ordinary, and popular meaning of a statute. Rather, there are cases in this Court which pertain to logically arriving at the intention of the legislature; and to presume that the words of the legislature have been used to convey their ordinary, popular meaning, unless the context or the apparent intention of the legislature justifies any departure from the ordinary meaning. I cite *Wood v. Waggoner*, 67 S.D. 365, 293 N.W. 188 (1940), and *Oahe Conservancy Subdistrict v. Janklow*, 308 N.W.2d 559 (S.D.1981). Guiding observation: One given to a past dissenting viewpoint must protect one's flank when joining new writings. Read, also, SDCL 2–14–1, which provides: "Words used are to be understood in their ordinary sense except also that words defined or explained in § 2–14–2 are to be understood as thus defined or explained."

Accordingly, I specially join the majority opinion in affirming the trial court.

SABERS, Justice (dissenting).

I dissent.

SDCL 62–4–33 controls this case because it controls claims of employees of the highway department and the payment of such claims from department funds. § 62–4–33 provides in part that ... [the state highway department] ... *shall* pay *such claims* from funds available for the maintenance of [the] department, *or* may procure insurance as provided in §§ 62–5–2 to 62–5–4, inclusive. (Emphasis added)

SDCL §§ 62–5–2 to 62–5–4 inclusive, pertain to worker's compensation insurance. Obviously, "such claims" include workmen's compensation claims.

This court has held that the attorney fees statute, SDCL 58–12–3.1, applies to worker's compensation claims against insurance companies and that an employee is entitled to a hearing on attorney fees under this statute. *Hollman v. Dale Electronics*, 298 N.W.2d 177 (S.D.1978). Other states specifically impose attorney fees on insurance companies and self-insured state programs

that wrongfully refuse to pay claims. *Blewer v. Continental Assurance Co.*, 394 So.2d 842 (La.Ct.App. 3d Cir.1981) (medical benefits).

Even though this is not an action against an "insurance company" on a "policy" in the technical sense, *it is* an action against a person (SDCL 58–1–2(3)),* or entity *engaged as* an (insurer), indemnitor, surety or contractor in the business of entering into contracts of insurance, within the definition "insurer" under SDCL 58–1–2(2).* (Emphasis added).

Courts have recognized that the purpose of statutes imposing attorney fees on insurance companies who fail to pay claims is to reimburse claimants who might otherwise conclude it is not economically feasible to bring suit on a claim. *Hubbard v. Lumbermans Mutual Casualty Co.*, 24 N.C. App. 493, 211 S.E.2d 544 (1975). These types of statutes are also intended to prevent delay and discourage the contesting of insurance claims. *T.J. Chastain Farms v. Kusiak*, 414 So.2d 1187 (Fla.Dist.Ct.App. 1982); *All Ways Reliable Bldg. Maintenance, Inc. v. Moore*, 261 So.2d 131 (Fla. 1972); *Chalmers v. Oregon Automobile Ins. Co.*, 263 Or. 449, 502 P.2d 1378 (1972). We too have acknowledged the deterrent purpose of our statute. *See: All Nation Ins. Co. v. Brown*, 344 N.W.2d 493 (S.D. 1984) *on remand*, 363 N.W.2d 216 (S.D. 1985). Given these purposes for imposing attorney fees, I see nothing about the unique status of a self-insuring employer that would otherwise prevent it from engaging in the same obdurate practices as insurance companies who vexatiously or unreasonably refuse to pay claims.

*Moreover SDCL 62–4–33 requires employer to either pay worker's compensation claims from its departmental funds or to procure insurance for these purposes. Because employer has elected to* pay claims rather than procure the required insurance, it is engaged as an insurer within SDCL 58–1–2(2) and 58–12–3. Consequently, the administrative hearing examiner's award of attorney fees was correct. *See generally: Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D.1984) (Worker's compensation insurer's refusal to pay claim was not vexatious); *Hollman, supra.*

Under the decision reached by the majority, Ofstad would be entitled to attorney fees if the Department had purchased Workmen's Compensation insurance but would not be entitled here because the Department did not purchase Workmen's Compensation insurance, but simply chose to be "self-insured." This result is not only unfair but totally inconsistent. The Department had a right to choose to be self-insured, but that should not relieve it from its legal obligations to its employee.

The majority and concurring opinions go on for several pages and wholly fail to explain this glaring inconsistency. In fact, they make no attempt because they can't. Nor can they explain the inconsistencies between their opinion and either the *Hollman* decision, or the obligation to pay "such claims" under SDCL 62–4–33.

The judgment of the trial court should be reversed.

I am hereby authorized to state that Justice MORGAN joins in this dissent.

---

* SDCL 58–1–2(2) and (3) provide in pertinent part:

> Terms used throughout this title, unless the context otherwise plainly requires, shall mean:
> (2) "Insurer" includes every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance.
> (3) "Person," includes an individual, insurer, company, association, organization, Lloyds, society, reciprocal or inter-insurance exchange, partnership, syndicate, business trust, corporation, and any other legal entity.