**NBC LEASING COMPANY, a Corporation, Plaintiff and Appellee,**

**v.**

**Merle R. STILWELL and Linda Stilwell, Defendants, Third-Party Plaintiffs and Appellees.**

**and**

**Clayton NEUHAUSER, Defendant and Appellant,**

**v.**

**Ray NEUHAUSER and Neuhauser Ranch, Inc., a Corporation, Third-Party Defendants.**

**No. 13843.**

Supreme Court of South Dakota.

Argued March 23, 1983.

Decided June 1, 1983.

Rehearing Denied July 5, 1983.

the acquisition of property during the marriage."

Jeffrey T. Sveen of Siegel, Barnett & Schutz, Aberdeen, for plaintiff and appellee.

Bernard E. Duffy of Bergren & Duffy, Fort Pierre, for defendants, third-party plaintiffs and appellees.

John S. Lovald of Duncan, Olinger, Srstka, Lovald & Robbennolt, P.C., Pierre, for defendant and appellant.

HENDERSON, Justice.

### ACTION/PROCEDURAL HISTORY

During August 1979, appellee NBC Leasing Company initiated this civil action to collect unpaid installments on an irrigation system from appellees Merle R. Stilwell, Linda Stilwell, and appellant Clayton Neuhauser. Neuhauser was the assignee of the Stilwells. Answers were interposed and in July 1981, the Stilwells made demand upon Neuhauser to assume the defense of the action and to indemnify, save, and hold harmless the Stilwells. An unsuccessful attempt was made by the Stilwells to join Ray Neuhauser and Neuhauser Ranch, Inc., as third-party defendants. Subsequent to a trial before the court on January 4, 1982, an extensive memorandum decision in favor of NBC Leasing was entered and incorporated into the trial court's findings of fact and conclusions of law. Thereafter, NBC Leasing and the Stilwells submitted applications for Neuhauser to reimburse attorney's fees incurred by them. Neuhauser objected and on June 3, 1982, a supplemental

order was entered which awarded attorney's fees. Appeal is taken from the original judgment and supplemental order. We affirm in part and reverse in part.

## FACTS

In June of 1976, Stilwells entered into an agreement characterized as a lease with NBC Leasing for a farm irrigation system. Terms of the agreement called for the Stilwells to make seven annual payments of $4,775.73, with title of the system remaining with NBC Leasing. Upon termination, the system was to be returned to NBC Leasing unless the Stilwells desired to purchase it for a fair market value. NBC Leasing retained the right to take an investment tax credit for the system and the right to depreciate the property. The Stilwells were required to insure the system and pay any taxes. NBC Leasing purchased the system for $24,347.00 from Morris Irrigation in Fort Pierre, South Dakota.

The Stilwells made one payment of $4,775.73 on the system. During the summer of 1977, the Stilwells executed an "assignment of lease" in favor of Neuhauser. Thereafter, Neuhauser Ranch, Inc., made the second annual payment under the agreement. During 1978, an annual payment was not made and on July 26, 1978, Al Peitham, the Vice President of NBC Leasing, met with Neuhauser in Pierre in an unsuccessful attempt to obtain the 1978 annual payment. Neuhauser expressed that he would ask Morris Equipment to sell the system. During the winter of 1978, the system was returned to Morris Irrigation. On January 16, 1979, NBC Leasing wrote Morris Irrigation and Neuhauser asking to be informed before any sale of the equipment be made. Thereafter, NBC Leasing advertised and sold the system piecemeal, with the irrigation pipe sold on November 16, 1979, and the water winch and diesel pump sold during August of 1980, for a cumulative sale price of $12,345.00.

## ISSUES

### I.

WAS THE AGREEMENT BETWEEN THE PARTIES A DISGUISED FINANCING, AND WAS THE AGREEMENT USURIOUS? WE HOLD THAT IT WAS NOT.

### II.

WAS APPELLEE NBC LEASING COMPANY'S REMEDY LIMITED TO THE RELIEF SET FORTH IN SDCL 43–38–12, A BAILMENT STATUTE? WE HOLD THAT IT WAS NOT.

### III.

WERE ATTORNEY'S FEES PROPERLY AWARDED BELOW? WE HOLD THAT APPELLEE NBC LEASING WAS PROPERLY AWARDED FEES BUT APPELLEE STILWELLS WERE IMPROPERLY AWARDED FEES.

## DECISION

### I.

The trial court's memorandum decision sets forth as an issue: "*True Lease or Disguised Financing Arrangement,*" and concludes the agreement was the latter. Conversely, Conclusion of Law III states: "That the original agreement entered between NBC Leasing Company and subsequently assumed by Clayton Neuhauser on assignment was in fact a true lease agreement and not one intended for security subjecting it to the Uniform Commercial Code." Conclusion of Law IV then reads: "That the original agreement entered into between NBC Leasing Company and the Stillwells [sic] which was subsequently assigned to the Neuhausers was in fact a disguised loan subjecting it to South Dakota's usury laws." And Conclusion of Law V provides: "That the lease agreement was not usurious under South Dakota law."

Appellant Neuhauser contends that since NBC Leasing has not filed a notice of review, the issue of a true lease or disguised financing is foreclosed by the trial court's resolution. This position is perplexing in

light of the inconsistent conclusions of law entered below, and appellant's issue number two which reads: "THE DOCUMENT AS ORIGINALLY EXECUTED BY THE STILLWELLS [sic] WAS A DISGUISED FINANCING ARRANGEMENT RATHER THAN A TRUE LEASE . . . ." Appellant Neuhauser's brief does argue the true lease or disguised financing issue and we will examine the issue here as it relates to an application of South Dakota's usury laws.

 A true lease is indicated by a purchase option for fair market value and rental charges that show an indication to compensate the lessor for loss of value over the lease term due to obsolescence, wear, and aging. *Am. Standard Credit v. Nat'l Cement Co.,* 643 F.2d 248 (5th Cir.1981). Existence of an option clause does not foreclose consideration of other factors in making a determination. *McGalliard v. Liberty Leasing Co. of Alaska, Inc.,* 534 P.2d 528 (Alaska 1975). Additional indicators of a true lease are rental payments which are not excessive, option purchase prices that are not unduly low, and a lessee who does not acquire any equity in the leased equipment during the term of the lease. *In re Alpha Creamery Co., Inc.,* 4 U.C.C.Rep. 794 (W.D.Mich.1967). *See also, Commerce Union Bank v. John Deere Indus.,* 387 So.2d 787 (Ala.1980); *Eimco Corp. v. Sims,* 100 Idaho 390, 598 P.2d 538 (1979); *Crest Inv. Trust, Inc. v. Atlantic Mobile Corp.,* 252 Md. 286, 250 A.2d 246 (1969).

Here, the purchase option at the end of the term was for fair market value. NBC Leasing's cash outlay was $24,347.00 with an expected, although unrealized, return over the seven-year lease term of $33,430.10. Title remained in NBC Leasing and appellant acquired no equity in the system. Testimony at trial established that NBC Leasing considered the irrigation system worth more than nominal value. Evidence established that the projected value of the

system at the expiration of the agreement was from 10% to 40% of the original cost.[1] The projected useful life of the system was from eight to fifteen years. As for NBC Leasing's return on their investment, we find that the slow resale of the system for roughly one-half the original price, despite NBC Leasing's advertising efforts, in conjunction with evidence that water winch systems were no longer in demand provides ample evidence that this irrigation system did suffer a considerable loss of value as was anticipated in NBC Leasing's projected return on investment.

 We hold that although some factors indicative of a financing arrangement were present, they are insufficient to overcome the crucial evidence establishing a true lease. *See Am. Standard Credit,* 643 F.2d at 265–66[2]; *McKeeman v. Commercial Credit Equip. Corp.,* 320 F.Supp. 938 (D.Neb.1970).[3] Therefore, the agreement does not run afoul of South Dakota's usury laws as the first requirement of *Rollinger v. J.C. Penney Co.,* 86 S.D. 154, 192 N.W.2d 699 (1971), a loan of money or its equivalent, is not present. Additionally, we agree with the trial court that the fourth *Rollinger* requirement, an intention to violate the law, was not established below.

## II.

Appellant Neuhauser asserts that the irrigation system agreement was a bailment governed by SDCL 43–38–12 which provides:

When the hiring of a thing is terminated before the time originally agreed upon, the hirer must pay the due proportion of the hire for such use as he has actually made of the thing unless such use is merely nominal and of no benefit to him.

Appellant Neuhauser would have us conclude that NBC Leasing was paid for the

---

1. Appellant Neuhauser's witness testified that the probable fair market value at termination would be 25% of original cost.

2. Wherein the lessor took an investment tax credit on the equipment, lessee did not acquire

equity, and an option to purchase for a nominal sum was lacking.

3. The purchase option in *McKeeman* was for the nominal sum of $1.00.

**500**

actual time the system was in use and thus has been fully compensated.

A leasing of farm equipment can give rise to a bailment. *Starnes v. Stofferahn,* 83 S.D. 424, 160 N.W.2d 421 (1968). Elements for establishing a prima facie bailment include: (1) delivery; (2) value of the property; (3) failure to return property in good condition on demand; and (4) damages resulting from failure to deliver. *Nelson v. Schroeder Aerosports, Inc.,* 280 N.W.2d 107 (S.D.1979). NBC Leasing does not dispute the conclusion that the lease herein is construable as a bailment. Rather, NBC Leasing disputes appellant Neuhauser's interpretation of SDCL 43–38–12, by questioning if a statutory termination occurred.

SDCL 43–38–9 provides:

The hirer of a thing may terminate the hiring before the end of the term agreed upon:

(1) When the letter does not, within a reasonable time after request, fulfill his obligations, if any, as to placing and securing the hirer in the quiet possession of the thing hired, or putting it into a good condition or repairing; or

(2) When the greater part of the thing hired or that part which was and which the letter had at the time of the hiring reason to believe was the material inducement to the hirer to enter into the contract, perishes from any other cause than the ordinary negligence of the hirer.

Construed in conjunction with SDCL 43–38–9, is SDCL 43–38–10:

The hiring of a thing terminates:

(1) At the end of the term agreed upon;

(2) By the mutual consent of the parties;

(3) By the hirer acquiring a title to the thing hired, superior to that of the letter; or

(4) By the destruction of the thing hired.

Here, the irrigation system was returned by appellant Neuhauser prior to the end of the lease term without the consent of NBC Leasing. Therefore, this hiring was not terminated in accordance with SDCL ch. 43–38, and as such, SDCL 43–38–12 (a bailment statute) is inapplicable to the case at bar.

### III.

The trial court's memorandum decision awarded attorney's fees but failed to set the amount, as it directed: "In the event the parties cannot agree upon a reasonable amount for attorney's fees, this court will conduct a hearing in order to establish said fees." After presenting affidavits, NBC Leasing was awarded $7,092.09 in attorney's fees and appellee Stilwells were awarded $3,211.13 in attorney's fees.

Appellant Neuhauser asserts that SDCL 15–17–7 [4] and interpretations thereof [5] allow attorney's fees as costs only if fees are provided by statute. Additionally, appellant Neuhauser contends appellee Stilwells' award must fail because the lease default provisions did not attach to the assignment and appellee Stilwells were not held liable in the principal action.

NBC Leasing and appellee Stilwells correctly assert that the irrigation system agreement contains three clauses providing for attorney's fees in event of default, termination, or if enforcement should become necessary. It is contended that as a general rule, parties are free to contract for payment of attorney's fees and recover them as *damages* rather than *costs.* 25 C.J.S. *Damages* § 50 (1966). In *Tracy v. T & B Constr. Co.,* 85 S.D. 337, 340, 182 N.W.2d 320, 322 (1970), we held:

At common law the right to recover attorney's fees from an opponent in litigation did not exist. In the absence of a statute or rule of court *or some agreement expressly authorizing taxing of at-*

4. SDCL 15–17–7 provides in part: "The court may allow attorneys' fees as costs for or against any party to an action only in the cases where the same is specifically provided by statute ...."

5. *Matter of Estate of Weickum,* 317 N.W.2d 142 (S.D.1982); *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251 (S.D.1976); *Tracy v. T & B Constr. Co.,* 85 S.D. 337, 182 N.W.2d 320 (1970).

*torney's fees* in addition to ordinary statutory costs, such an item of expense is not allowable. (Emphasis supplied.)

█ Attorney's fees awarded as damages are recoverable apart from the statutory authority governing attorney's fees awarded as costs. *DuPratt v. Black Hills Land & Abstract Co.,* 81 S.D. 637, 140 N.W.2d 386 (1966); *Dodds v. Bickle,* 77 S.D. 54, 85 N.W.2d 284 (1957). SDCL 15–17–6 provides: "The compensation of attorneys and counselors at law for service in civil and criminal actions and proceedings must be left to the agreement, express or implied, of the parties."

█ The parties contracted for attorney's fees. Under the terms of their agreement, attorney's fees are collectible by NBC Leasing as damages on the facts of this case. As for appellee Stilwells' claim to attorney's fees, the assignment fails to require the payment of attorney's fees by appellant Neuhauser when appellee Stilwells have not been required to indemnify or pay attorney's fees to NBC Leasing. In sum, the parties did not have an agreement respecting the attorney's fees awarded below. In *Scherf v. Myers,* 258 N.W.2d 831, 836 (S.D.1977), we held that attorney's fees are not awardable for services rendered in establishing a right of indemnity. Appellee Stilwells' award of attorney's fees therefore fails.

Due to our disposition of the issues raised herein, we need not reach appellant's other issue on a commercially reasonable sale.

Affirmed in part; reversed in part.

All the Justices concur.