In re Morgan Talmage NEALY, III, Debtor.

CITIBANK (SOUTH DAKOTA), N.A., Appellant,

v.

Morgan Talmage NEALY, III, Appellee.

Civ. A. No. 92–0068 (JHG).
Bankruptcy No. 90–00828.
Adv. No. 90–141.

United States District Court,
District of Columbia.

Feb. 26, 1992.

Edward Kimmel, Hambright & Kimmel, Washington, D.C., for debtor and appellee.

Joseph Giordano, McNeily & Rosenfeld, Washington, D.C., for appellant.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

The instant action is an appeal from a final order of the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court") in a proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2), granting to Morgan Talmage Nealy, III ("Nealy" or "appellee") an award of attorney's fees in the amount of $10,525.00. For the following reasons, the decision of the Bankruptcy Court is affirmed.

## I. BACKGROUND

On or about May 20, 1987, Nealy applied for a MasterCard credit card with Citibank (South Dakota), N.A. ("Citibank" or "appellant"). The terms and conditions applicable to the credit card account are set forth in the Citibank Preferred MasterCard Agreement (the "Agreement"). One section of the Agreement, entitled "Default and Collection Costs," provides:

> You will be in default if you don't pay an installment on time, file for bankruptcy, or exceed your credit line without our permission. Default means we can demand immediate payment of the full balance. If we have to refer collection of the balance to a lawyer, you will pay a lawyer's fee up to twenty percent of the total balance plus court costs or whatever other fee is fixed by law. If you win the suit, we'll pay your reasonable attorney's fees and court costs.

Transcript of Bankruptcy Proceedings ("Tr.") at 51; Plaintiff's Exhibit 7. The Agreement further provides that legal questions concerning the contract shall be governed by South Dakota and federal law.

On or about October 12, 1990, Nealy filed a voluntary petition for bankruptcy with the Bankruptcy Court. On or about December 27, 1990, Citicorp Credit Services, Inc. ("Citicorp") initiated an adversary proceeding against Nealy to determine the dischargeability of a debt allegedly owed from the use of Nealy's credit card. Following discovery and the filing of several motions, Citicorp filed an amended complaint, substituting Citibank as the appropriate plaintiff.

On June 27, 1991, the Bankruptcy Court held a hearing on the adversary proceeding. Following the close of all of the evidence, United States Bankruptcy Judge S. Martin Teel, Jr. concluded that Citibank had failed to meet its burden of proof and accordingly, ruled the debt dischargeable; and on July 17, 1991, Judge Teel dismissed the adversary proceeding. On November 19, 1991, the Bankruptcy Court issued a final order, awarding to Nealy attorney's fees and costs in the amount of $10,525.00.

## II. DISCUSSION

Section 523 of Title 11 of the United States Code neither provides that alleged debtors, successful in dischargeability proceedings, are entitled to recover attorney's fees nor precludes such debtors from recovering fees expended in defending unsuccessful claims. Accordingly, the Court must examine the meaning and enforceability of the provision in the Agreement, entitling Nealy to recover fees in collection actions.

Citibank contends that the applicable provision of the credit card agreement allows Nealy to obtain an award for attorney's fees and costs if he prevails in a suit commenced after referral of the balance to an attorney for "collection" and that the action taken in this matter, the filing of an adversary proceeding to determine the dischargeability of a debt, was not an action to collect but, rather, was an action to determine whether the debt of the defendant would survive bankruptcy. The Court cannot agree with Citibank's narrow construction of the Agreement.

■ The Agreement clearly and unambiguously defines "default" to include a filing of bankruptcy. The Agreement further provides that Citibank would be liable for Nealy's attorney's fees in the event Nealy wins an action by Citibank to collect an alleged debt. Because the type of action that may be taken by a creditor if default is predicated upon the filing of bankruptcy involves the filing of a complaint claiming nondischargeability of the creditor's claims, it would appear that the contract actually contemplated payment of attorney's fees in an action for the dischargeability of a debt.

Citibank's argument that collection of a balance and dischargeability of a debt are distinct concepts or terms, at best, suggests that the Agreement is ambiguous. Even under those circumstances, however, the law of South Dakota is clear that the ambiguity must be read against the drafter, in this case, Citibank. *See, e.g., Enchanted World Doll Museum v. Buskohl,* 398 N.W.2d 149, 151 (S.D.1986).

■ Because South Dakota law validates and enforces contractual provisions for reasonable attorney's fees,[1] and because plaintiff is entitled, under the Agreement, to recover fees incurred in the dischargeability proceeding, the decision of the Bankruptcy Court is affirmed. *Compare TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505, 1509 (11th Cir.1991) (Payee that successfully brought suit to except debtor's obligation on note from discharge was entitled to recover, as part of nondischargeable debt, the attorney's fees it incurred in dischargeability proceeding.).

## III. CONCLUSION

Accordingly, for the reasons expressed above, it is hereby ORDERED that the decision of the United States Bankruptcy Court for the District of Columbia is affirmed; it is

FURTHER ORDERED that this case is dismissed. IT IS SO ORDERED.

---

1. *See, e.g., NBC Leasing Co. v. Stilwell,* 334 N.W.2d 496, 501 (S.D.1983).