# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———

No. 97-3581

———

| | | |
|---|---|---|
| American Family Mutual Insurance Company; | * * * | |
| Plaintiff-Appellee; | * * | |
| v. | * * | Appeal from the United States District Court for the |
| Karen Jepson, individually and as general guardian of Donia Lynn Jepson; Edward Jepson, individually; Shelby Jepson, individually; | * * * * * | District of South Dakota. |
| Defendants-Appellants; | * * | |
| Kyle Gross; David Green, individually, doing business a Tripe F Ranch; Curtis Wendel; | * * * * | |
| Defendants. | * | |

———

Submitted: March 9, 1998

Filed: July 1, 1998

———

Before BEAM and HEANEY, Circuit Judges, and WATERS,[1] District Judge.

———

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, sitting by designation.

HEANEY, Circuit Judge.

## I.

On November 10, 1994, Donia Jepson sustained extensive injuries in a car-truck collision at a rural intersection in Kingsbury County, South Dakota. Jepson was traveling in a 1985 Plymouth when the car collided with a 1976 International truck driven by Curtis Wendel. At the time, Wendel was employed by Triple F Ranch, a partnership between Kyle Gross and David Green. Gross and Green had previously been in a partnership with John Fox, who owned a $1,000,000 personal umbrella insurance policy with American Family Mutual Insurance Company ("American Family").

Green, Gross, and Fox ended their partnership in 1990 when Fox turned sixty-five. On June 1, 1990, Green and Gross entered into an agreement with Fox whereby they would buy out Fox's 40% share of the partnership. Because Green and Gross lacked cash sufficient to buy out Fox's share, they entered into an agreement with Fox

entitled "MACHINERY LEASE WITH OPTION TO BUY" ("the agreement").[2]  The

_____

[2]The agreement provided:

THIS AGREEMENT, made in duplicate, this 1st day of June 1990, by and between John W. Fox and Jean L. Fox, Lessors, and Kyle Gross and David Green in Partnership as Triple 'F' Ranch of Iroquois, South Dakota Lessees:

It is mutually agreed that Lessees shall maintain and repair equipment and keep it in good running condition.  If leessees [sic] want to trade any of the machinery they should first notify and get approval from Lessor.

It is also mutually agreed to pay the payments as in the following schedule May 1, 1991 and each year at that time until 1995:

Total Amount Leased with Option to Buy-------------------$114,450.00

Salvage value of Equipment-----------------------------------$24,721.10

|  | Payments |
|---|---|
| 1991----------------------------------------------------------- | $32,046.00 |
| 1992----------------------------------------------------------- | $30,214.80 |
| 1993----------------------------------------------------------- | $28,383.60 |
| 1994----------------------------------------------------------- | $26,552.40 |

1995 Salvage Value $24,721.20

/s/ John W. Fox
/s/ Jean Fox
Lessors

/s/ Kyle Gross
/s/ David Green
Lessees

(Appellant's App. at A-276.)

3

agreement covered machinery including the truck involved in the accident.

Karen Jepson brought a claim on behalf of her daughter, Donia, arguing that the agreement showed that Fox owned the truck driven by Wendel.[3]  American Family sought a declaratory judgment that Fox did not own the truck involved in the accident and, consequently, that Fox's personal umbrella policy with American Family does not provide coverage for Jepson's underlying personal injury suit.  After presenting their evidence, both Jepson and American Family moved for summary judgment.

To answer the question of who owned the truck at the time of the accident, the district court analyzed whether the agreement constituted a lease or an agreement to sell the truck to Green and Gross on installment terms.  Although the name on a vehicle's title is not dispositive on the issue of ownership under South Dakota law, see, e.g., Island v. Warkenthien, 287 N.W.2d 487, 488-89 (S.D. 1980); Pagel v. Eckman, 428 N.W.2d 136, 139 (Minn. App. 1988), the space for the name of the vehicle's owner contained, "TRIPLE F RANCH OR," and the space for the name of a co-owner included, "FOX, JOHN."  The district court concluded that the title pointed in both directions as to whether Fox actually owned the truck.  Supporting the argument that Fox owned the truck, Fox testified to his belief that he was the owner of the truck until the partnership made its final payment under their agreement.  Green and Gross also stated that they believed Fox owned the truck.  In addition, Fox claimed depreciation on the truck on his 1994 tax return.

On the other hand, the court noted that Green and Goss insured the truck as partners in Triple F.  Moreover, Fox conceded that he had not had anything to do with

---

[3]In her complaint, Jepson names Kyle Gross, David Green (individually and doing business as Triple F Ranch), and Curtis Wendel.  John Fox was originally listed as a defendant, but the claim against him was dismissed on summary judgment.

the truck for four years prior to the accident, a fact confirmed by Green and Gross. Fox also stated that having his name on the truck's title was an error.

The district court then examined the "lease agreement." Determining that the relevant case law required the court to look beyond labels and formalities given to the agreement by the parties, see In re Sprecher Bros. Livestock & Grain, Ltd., 58 B.R. 408, 413 (1986) (citation omitted), the district court attempted to determine the true nature of the agreement under the rule set forth in NBC Leasing Co. v. Stilwell, 334 N.W.2d 496, 499 (S.D. 1983). The court determined that the payment structure, which required payments of declining amounts over four years with a final payment in the fifth year, were precisely the same as if the payments were made on the purchase price of the equipment amortized at 8% for the term of the lease. Applying the NBC Leasing analysis, the court concluded that, since Triple F would acquire the property simply by making the final "payment" without any additional consideration, the lease was actually an installment sale contract. Consequently, the court granted American Family's motion for summary judgment, reasoning that John Fox was not the owner of the truck at the time of the accident and, therefore, his American Family insurance policy provides no coverage for Jepson's injuries. We affirm.

## II.

The question before us is whether the agreement between Fox and the remaining Triple F partners, Gross and Green, resulted in the transfer of ownership in the truck driven by Wendel at the time of the accident.[4] In determining whether Fox owned the truck, we review de novo the district court's interpretation of the contract between

---

[4]We acknowledge that were we to conclude that Fox owned the truck at the time it was involved in the accident, there remains the question of whether Fox's umbrella policy provided coverage. Because we conclude that Fox did not own the truck at the time, we need not address that question.

Gross, Green, and Fox.  See Kroupa v. Kroupa, 574 N.W.2d 208, 215 (S.D. 1998).  "A true lease is indicated by a purchase option for fair market value and rental charges that show an indication to compensate the lessor for loss of value over the lease term . . . ."  NBC Leasing, 334 N.W.2d at 499 (citation omitted).  A true lease also has characteristics such as "rental payments which are not excessive, option purchase prices that are not unduly low, and a lessee who does not acquire any equity in the leased equipment during the term of the lease."  Id. (citations omitted).

Despite the agreement's label as a "Machinery Lease With Option to Buy," we agree with the district court that the contract actually constituted a purchase contract divided into five payments and amortized at 8% annually.  Regarding the remaining indicia of the parties' intent, we agree with the district court's finding that, at best, the evidence is inconclusive.  We therefore hold that, "although some factors indicative of [a lease] were present, they are insufficient to overcome the crucial evidence establishing [a purchase contract]."  Id (citations omitted).

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of American Family.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6