SABERS, Justice
(dissenting).
[¶ 21.] I dissent. There are two independent grounds by which the circuit court’s decision should be affirmed: First, the section on billing and credit in the hospital’s “Consent Form” constitutes “other evidence of debt” and violates the public policy set forth in SDCL 15-17-39; second, the circuit court found that the clause authorizing attorney’s fees was not fairly negotiated by the parties. The majority opinion fails to recognize our State’s public policy[5] and errs by narrowly construing the words “other evidence of debt.” Additionally, the majority opinion errs by failing to address the circuit court’s finding that the hospital’s clause authorizing attorney’s fees was not fairly negotiated.

The circuit court did not abuse its discretion in denying the hospital attorney’s fees pursuant to SDCL 15-17-39.

*482 [¶ 22.] The party requesting an award of attorney’s fees has the burden to show the basis for such an award. Jacobson v. Gulbransen, 2001 SD 33, ¶ 31, 623 N.W.2d 84, 91. We will not reverse a circuit court’s decision concerning attorney’s fees unless we determine the court abused its discretion. In re South Dakota Microsoft Antitrust Litigation, 2005 SD 113, ¶ 27, 707 N.W.2d 85, 97.
[¶23.] “At common law the right to recover attorney’s fees from an opponent in litigation did not exist.” NBC Leasing Co. v. Stilwell, 334 N.W.2d 496, 500 (S.D.1983). Such an expense is not allowable absent “a statute or rule of court or some agreement expressly authorizing taxing of attorney’s fees....” Id. at 500-01.
[¶24.] In this case, the hospital’s collection agency is relying on the “Billing and Credit Policy” clause of its “Consent Form” document as an “agreement” between the hospital and Pesicka for attorney’s fees. SDCL 15-17-39 limits the type of instruments that can contain provisions for attorney’s fees:
Any provision contained in any' note, bond, mortgage, or other evidence of debt that provides for payment of attorneys’ fees in case of default of payment or foreclosure is against public policy and void, except as authorized by specific statute.
[¶ 25.] Our case law concerning this statute has been inconsistent. In Assman v. J.I. Case Credit Corp., 411 N.W.2d 668 (S.D.1987), we permitted a financing company to recover attorney’s fees from an implement dealer. The financing company relied on an attorneys’ fees provision in its “Retail Financing Agreement.” We held the “Retail Financing Agreement” did not constitute “other evidence of debt.” Id. at 671. However, about ten years later, we held that a provision providing for attorney’s fees in an implement dealer’s “Retail Order Form” was “evidence of other debt” and therefore contrary to public policy. Vanderwerff Implement Inc. v. McCance, 1997 SD 32, ¶ 17, 561 N.W.2d 24, 27.
[¶ 26.] The hospital' attempts to hide behind the fact that its document deals with consents, authorizations, and releases in addition to debt. The majority opinion should not be so easily fooled.
[¶ 27.] The “Billing and Credit Policy” section of the document not only constitutes “other evidence of debt” but specifies the conditions relating to debt in six specific ways:
1. All patient accounts will be considered due upon receipt of your bill.
2. As a courtesy to me, the business office and any physician of the hospital providing services will process my insurance if information is provided.
3. It is understood that all insurance deductibles be paid at the time of dismissal.
4. I will be billed on the - current balance of my account regardless of the insurance claim status.
5. Accounts over thirty (30) days old may bear interest at a rate allowed under South Dakota State Law.
6. Accounts over ninety (90) days old may be referred to an attorney or an agency for collection at which time the undersigned shall become responsible for all attorney’s fees and collection expenses.
The only evidence of debt and conditions relating to debt not specified above is the ultimate balance due on account. At the time the document was signed, the medical services had not yet been provided so the final debt amount could not be inserted. We should not accept form over substance in determining what constitutes other evidence of debt.
*483 [¶ 28.] If the public policy of the State prohibits creditors such as banks from collecting attorney’s fees on notes, bonds, mortgages or other evidence of debt, certainly a hospital providing health care or its credit collection service should be equally prohibited. The bargaining position of those in need of medical care is far inferior to those who borrow money to pay debts or make purchases.
[¶29.] In summary, our case law was inconsistent on what types of documents constitute “other evidence of debt.” The circuit court examined the hospital’s document and its provision on “Billing and Credit Policy” and determined it constituted “other evidence of debt.” Under these circumstances, the court did not abuse its discretion in denying the hospital attorney’s fees.

The circuit court should he affirmed because the “Billing and Credit Policy” provision ivas not negotiated between the parties.

[¶ 30.] An agreement concerning attorney’s fees should be fairly negotiated between the parties. Vanderwerff, 1997 SD 32, ¶ 18, 561 N.W.2d at 27. In Vanderwerff, in addition to holding an attorney’s fees provision void because it was “other evidence of debt,” we noted:
In this case, there is no evidence of negotiation between McCance and Van-derwerff on the matter of attorney fees, as the aforementioned clause is in fíne print.
Id. Vandenverff did not reach the issue of whether the attorney’s fees clause was negotiated because it had not been addressed by the circuit court.
[¶ 31.] Unlike Vanderwerff, the circuit court did address whether the hospital’s provision providing for attorney’s fees was negotiated. In its memorandum opinion, the circuit court wrote:
The court would point out that the form is captioned as a “Consent Form” authorizing care and treatment and does not indicate that the fine print contains a contractual agreement to pay attorney’s fees. Even the fine print paragraph which contains this clause is captioned as “Billing and Credit Policy” and gives no indication that it contains a contractual agreement to pay attorney’s fees.
There was no testimony that there was any discussion or negotiation of the attorney’s fee clause and this court concludes that it ivas extremely unlikely that this clause was negotiated between the parties in light of the circumstances under which the form was signed (Ash-ford was seeking medical treatment), the fact that this was a preprinted form, the fine print used, and the captions on the page and paragraph which do not disclose that there was an agreement to pay attorney’s fees contained therein.
[¶ 32.] In short, even if this Court holds the “Consent Form” does not constitute “other evidence of debt,” we should affirm the circuit court because the form’s provision providing for attorney’s fees was not negotiated between the parties. In which case, the decision of the circuit court was right even if the majority opinion now concludes it was based on the wrong reason.

. SDCL 15-17-38 sets forth the public policy of the State of South Dakota as to an award of attorney's fees. It provides in part:
The compensation of attorneys and counselors at law for services rendered in civil and criminal actions and special proceedings is left to the agreement, express or implied, of the parties. However, attorneys' fees may be taxed as disbursements if allowed by specific statute.
The only attorneys’ fees that are allowed by statute are: divorce, annulment of marriage, determination of paternity, custody, visitation, separate maintenance, support or alimony. In case the above statute was not sufficiently clear in its public policy of prohibiting attorneys fees except where specifically allowed by statute, SDCL 15-17-39 provides:
Any provision contained in any note, bond, mortgage, or other evidence of debt that provides for payment of attorneys' fees in case of default of payment or foreclosure is against public policy and void, except as authorized by specific statute.
In other words, SDCL 15-17-39 provides that attorneys’ fees in "other evidence of debt" are against public policy. How could the public policy of the State of South Dakota be any clearer?